Leon Lavarn **KENDRICK, Appellant,**

v.

James A. **LYNAUGH, Director, Texas Department of Corrections, et al., Appellees.**

No. A14–89–966–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 13, 1990.

Leon Lavarn Kendrick, Houston, pro se.

Eric Shepperd, Austin, for appellees.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from the dismissal of appellant's pro se *in forma pauperis* action as frivolous. We affirm.

On June 26, 1989, appellant sued appellees under TEX.CIV.PRAC. & REM.CODE ANN. § 106.001 and entitled his complaint "Tort Claims." On August 24, 1989, upon motion of appellees, the trial court dismissed the complaint with prejudice as frivolous pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 13.001.

In his first point of error, appellant contends that the trial court abused its discretion in dismissing appellant's application for an injunction without a hearing upon an unverified pleading. Appellant urges that because appellee Lynaugh's pleadings were unverified, TEX.R.CIV.P. 690 requires that a final hearing be conducted before the appellant's petition was dismissed. The appellant has misconstrued this rule of civil procedure. TEX.R.CIV.P. 690 mandates a final hearing on the propriety of continuing an injunction where the defendant to an injunction has answered with an unverified pleading. The rule contemplates that a temporary injunction has already been granted and is in force. *See Executive Tele–Communication Systems, Inc. v. Buchbaum*, 669 S.W.2d 400, 402–03 (Tex. App.—Dallas 1984, no writ). The "final hearing" required by TEX.R.CIV.P. 690 is necessary only where the defendant is seeking to have a temporary injunction abated on the basis of allegations contained in his or her non-verified answer, thereby preventing a defendant from dissolving a temporary injunction already in place without proof verified by the oath of the defendant. *See id.* In the present case, appellant never obtained a temporary injunction. Therefore, TEX.R.CIV.P. 690 is not applicable in this case.

Moreover, appellant's case was dismissed pursuant to the court's inherent authority granted by the state legislature in TEX.R. CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). That section states:

(a) A court in which an affidavit of inability to pay under Rule 145, Texas Rules of Civil Procedure, has been filed may dismiss the action on a finding that:

(1) The allegation of proverty in the affidavit is false; or

(2) The action is frivolous or malicious.

(b) In determining whether an action is frivolous or malicious, the court may consider whether:

(1) The action's realistic chance of success is slight;

(2) The claim has no arguable basis in law or in fact; or

(3) It is clear that the party cannot prove a set of facts in support of the claim.

(c) An action may be dismissed under Subsection (a) as frivolous or malicious either before or after service of process.

TEX.CIV.PRAC. & REM.CODE ANN. § 13.001 (Vernon Supp.1991). TEX.R.CIV.P. 145 provides that an indigent party may be excused from paying costs by filing an affidavit of an inability to pay.

■ The trial court has broad discretion to determine whether a suit filed pursuant to TEX.R.CIV.P. 145 should be dismissed as frivolous under Section 13.001 of the Texas Civil Practice and Remedies Code. *Johnson v. Lynaugh*, 766 S.W.2d 393, 394 (Tex. App.—Tyler 1989), *writ denied per curiam*, 796 S.W.2d 705 (Tex.1990). Section 13.001 mirrors 28 U.S.C. § 1915(d), the federal statute empowering federal courts to dismiss frivolous or malicious *in forma pauperis* actions. *Id.* The three factors enumerated in subsection (b) are a codification of the guidelines used by the federal courts in determining whether claims are frivolous. *Id.* The U.S. Supreme Court explained the congressional intent behind Section 1915(d):

> Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.... Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints.

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989). Prisoners who file *in forma pauperis* proceedings have everything to gain and nothing to lose by clogging the courts with frivolous suits. *Johnson v. Lynaugh*, 766 S.W.2d at 394. Such frivolous or malicious suits unnecessarily subject prison officials to the burdens of litigation and effectively prevent prisoner suits with merit from receiving adequate attention. *Id.*, quoting

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). Recently, the Fifth Circuit Court of Appeals has declared that an *in forma pauperis* suit is not automatically frivolous under Section 1915(d) because a complainant fails to state a claim under Fed.R.Civ.P. 12(b)(6). *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989), citing *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Consequently, dismissal of an *in forma pauperis* suit under section 13.001(b)(3), which provides that a trial court is empowered to dismiss a frivolous action where it is clear that the complainant cannot prove a set of facts in support of his or her claim, may no longer be viable or appropriate. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706 (Tex.1990) (per curiam opinion denying application for writ of error).

■ In the present case, since the trial court did not specify which factor in section 13.001(b) it considered dispositive, it will be presumed that the trial court acted within its discretionary powers. The test for abuse of discretion is whether the trial court acted without reference to controlling rules or principals, or stated another way, whether the trial courts action was arbitrary or unreasonable. *Downer v. Aqua Marine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex.1985). Here, appellant has filed a cause of action entitled "Tort Claims." As dismissal of such a claim is appropriate under Section 13.001(b)(1) or (b)(2), the trial court did not abuse its discretion. The first point of error is overruled.

In the second point of error, appellant argues that the trial court abused its discretion in dismissing appellant's motion to reinstate without an oral hearing. Appellant's argument is predicated on TEX.R. CIV.P. 165a which applies to dismissals for want of prosecution. Appellant relies on *Reed v. City of Dallas*, 774 S.W.2d 384 (Tex.App.—Dallas 1989, writ denied), for the proposition that Rule 165a "does not permit the trial court discretion in whether or not to set a hearing on a motion to reinstate." *Id.* at 385. Appellant's reliance on *Reed* is misplaced. Appellant's case was dismissed pursuant to TEX.CIV. PRAC. & REM.CODE ANN. § 13.001, not for

want of prosecution. Rule 165a does not apply to the present case. Appellant's second point of error is overruled.

■ Furthermore, appellant argues in his third point of error that the trial court abused its discretion by dismissing his complaint with prejudice without affording him an opportunity to amend his pleadings. TEX.CIV.PRAC. & REM.CODE ANN. § 13.001(c) empowers a trial court to dismiss an action as frivolous or malicious either before or after service of process. Accordingly, the trial court is under no duty to suggest voluntarily that the appellant amend his pleadings. *Johnson,* 766 S.W.2d at 395. Appellants third point of error is overruled.

■ In his fourth point of error, appellant argues that upon request, the trial court had a mandatory duty to file findings of fact and conclusions of law. In support of this argument, appellant cites TEX.R. CIV.P. 296 which provides that, "[I]n any case *tried* in the district or county court without a jury, the judge *shall*, at the request of either party, state in writing his findings of fact and conclusions of law. Additionally, appellant cites Rule 297 which states, "[w]hen demand is made therefor the court shall prepare its finding of facts and conclusions of law and file same within thirty days after the judgment is signed." Appellant's reading of these rules is incorrect. TEX.R.CIV.P. 296 & 297 do not impose any duty on the trial court to file findings of fact or conclusions of law where there has been no trial as in the present case. Appellants fourth point of error is overruled.

Appellant Kendrick claims that by making a ruling of law, the trial court usurped legislative authority and thereby violated the separation of powers doctrine of the Texas Constitution. Appellant alleges a constitutional claim by mere assertions in his brief unsupported by authority. Also, the trial court's application of Section 13.-001 is not an encroachment on the powers of the legislative branch. There is a strong presumption that Section 13.001 is constitutional and an equally strong presumption that the state legislature did not intend to enact an unconstitutional law. *Vinson v. Burgess,* 773 S.W.2d 263, 266 (Tex.1989).

The trial court *must* interpret and enforce statutes as they are written by the state legislature. *Blount v. Metropolitan Life Ins. Co.,* 677 S.W.2d 565, 576 (Tex.App.—Austin 1984, writ ref'd n.r.e.) (opinion on motion for rehearing). Here, the trial court exercised authority expressly granted it by the Texas Legislature in Section 13.-001 of the Texas Civil Practice and Remedies Code. The trial court did not usurp any legislative function. The fifth point of error is overruled.

Finally, appellant argues that because he did not receive a copy of the transcript, this court and the district court abused its discretion. Appellants contention is without merit. Appellant argues that according to the Texas Rules of Civil Procedure, once an appellant files an affidavit of inability to pay cost, a pro se plaintiff is entitled to a free copy of the record. None of the authorities cited by appellant stand for this proposition. *See* TEX.R.APP.P. 18(c), (d)(3), 53(j)(1); TEX.R.CIV.P. 51, 56, 76. Indeed, the district court could not have abused its discretion as it is not responsible for a transcript on appeal. TEX.R.APP.P. 51, 56. Moreover, in the record before us, there is no way to substantiate the mere assertions in appellant's brief. In any case, if there was error, it was harmless. Point of error six is overruled.

The trial court's dismissal of appellant's cause of action is affirmed.