# NO. 12-08-00102-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALFRED LEE STONE,* *APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *CO IV CHARLES A. SCHULL, ET AL,* *APPELLEES* | § | *HOUSTON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Appellant Alfred Lee Stone, proceeding pro se, appeals the trial court's order dismissing his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We modify and, as modified, affirm.

### BACKGROUND

Stone is an inmate in the Texas Department of Criminal Justice ("TDCJ"). While incarcerated, Stone filed an in forma pauperis civil suit against CO IV Charles A. Schull, CO IV Ricky D. Robertson, CO V Eugene Loving, CO IV William J. Webb, CO II Andre D. Fuller, CO V Allen Lane, Jr., CO V Deborah Darmofal, and CO IV Gina K. Drewett. In his lawsuit, Stone alleges that Appellees Schull and Robertson, among other acts or omissions and acting under color of law, entered Stone's cell while he was in the shower and unlawfully appropriated his property with the intent to deprive him of this property without his effective consent by stealing his trade secrets, namely a chart or diagram of his educational academic studies. Further, Stone alleged that the other appellees, among other acts or omissions and acting under color of law, conducted random searches

of his property out of his sight or view, which (1) violated his protected liberty and property interests, (2) created a threat of theft, reckless damage, or destruction of his property, (3) placed him in jeopardy of being set up with planted contraband, and (4) was without due process. Stone sought attorney's fees, and "exemplary, punitive, nominal, and actual damages" from Appellees.

On December 14, 2007, without conducting a hearing, the trial court found that Stone's suit was frivolous or malicious and dismissed it with prejudice pursuant to Chapter 14 of the Texas Civil Practices and Remedies Code. This appeal followed.

### DISMISSAL PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICES AND REMEDIES CODE

In one issue, Stone argues that the trial court abused its discretion by dismissing his suit without notice of its intention to dismiss and without notice of a dismissal hearing.[1] More specifically, he contends that the trial court failed to provide him with notice pursuant to rule 165a of the Texas Rules of Civil Procedure. We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Chapter 14 of the Texas Civil Practices and Remedies Code controls suits brought by an

---

[1] We have construed Stone's issues liberally in the interest of justice.

inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.* § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id.* § 14.004(a)(2)(A). The declaration must be (1) in writing and (2) subscribed by the person making the declaration as true under penalty of perjury. TEX. CIV. PRAC. & REM. CODE ANN. § 132.002 (Vernon 2005).

Here, the record contains no affidavits or unsworn declarations in compliance with section 14.004 of the Texas Civil Practice and Remedies Code. When an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See Bell v. Texas Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). Further, the requirement to file the affidavit relating to previous filings is mandatory, and Stone's failure to file the affidavit is grounds alone to dismiss his suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 858 (Tex. App.–Dallas 2008, no pet.).

Additionally, the affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's trust account statement that reflects the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(c), 14.006(f) (Vernon 2002); *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.–Houston [1st Dist.] 2000, no pet.). Stone did not attach a certified copy of his inmate trust account as required by section 14.004(c) of the Texas Civil Practice

---

[2] Chapter 14 does not apply to suits brought under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

and Remedies Code. The requirement to file his inmate trust account is mandatory, and Stone's failure to file it is also sufficient grounds to dismiss his suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); ***Lilly v. Northrep***, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).

However, Stone argues that the trial court abused its discretion by dismissing his suit without notice of its intention to dismiss, without notice of a dismissal hearing, and without notice pursuant to rule 165a of the Texas Rules of Civil Procedure. Rule 165a of the Texas Rules of Procedure applies to dismissals for want of prosecution. TEX. R. CIV. P. 165a. Stone's case was dismissed pursuant to section 14.003(a) of the Texas Civil Practices and Remedies Code, not for want of prosecution. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Thus, Rule 165a does not apply to the present case. *See **Kendrick v. Lynaugh***, 804 S.W.2d 153, 155-56 (Tex. App.–Houston [14th Dist.] 1990, no writ).

Nonetheless, under section 14.003(c) of the Texas Civil Practices and Remedies Code, the statute provides that a trial court "may" hold a hearing before dismissing a suit under section 14.003(a), but is not required to do so. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c); ***Presiado v. Sheffield***, 230 S.W.3d 272, 274 (Tex. App.–Beaumont 2007, no pet.); ***Thomas v. Bilby***, 40 S.W.3d 166, 168 (Tex. App.–Texarkana 2001, no pet.). A trial court's decision on whether to hold a hearing is discretionary. *See **Williams***, 33 S.W.3d at 411. Further, under section 14.003(a), a suit can be dismissed either before or after service of process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Because Stone failed to file either an affidavit or unsworn declaration relating to previous filings or a certified copy of his inmate trust account statement, his suit was subject to dismissal without a hearing or allowing Stone an opportunity to respond. *See **Gowan v. Texas Dep't of Criminal Justice***, 99 S.W.3d 319, 323 (Tex. App.–Texarkana 2003, no pet.). Therefore, the trial court did not abuse its discretion in dismissing Stone's suit without notice of its intention to dismiss and without notice of a dismissal hearing. *See **Moreland v. Johnson***, 95 S.W.3d 392, 394-95 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

## CONCLUSION

We hold that the trial court did not abuse its discretion when it dismissed Stone's suit. *See*

*id.* However, the trial court's dismissal of Stone's suit with prejudice was improper because his error could have been remedied through amendment or more specific pleading. *See **Thomas v. Skinner**,* 54 S.W.3d 845, 846-47 (Tex. App.–Corpus Christi 2001, pet. denied). Thus, we ***modify*** the trial court's order of dismissal by deleting the words "with prejudice" and substituting in their place the words "without prejudice." Having overruled Stone's sole issue, we ***affirm*** the trial court's order of dismissal as modified.


   BRIAN HOYLE   
Justice


Opinion delivered December 17, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)`