NO. 12-08-00102-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


ALFRED LEE STONE,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


CO IV CHARLES A. SCHULL, ET AL,

APPELLEES
§
 HOUSTON COUNTY, TEXAS

 

MEMORANDUM OPINION
 

 Appellant Alfred Lee Stone, proceeding pro se, appeals the trial court's order dismissing his
suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We modify and, as
modified, affirm.


Background

 Stone is an inmate in the Texas Department of Criminal Justice ("TDCJ"). While
incarcerated, Stone filed an in forma pauperis civil suit against CO IV Charles A. Schull, CO IV
Ricky D. Robertson, CO V Eugene Loving, CO IV William J. Webb, CO II Andre D. Fuller, CO V
Allen Lane, Jr., CO V Deborah Darmofal, and CO IV Gina K. Drewett. In his lawsuit, Stone alleges
that Appellees Schull and Robertson, among other acts or omissions and acting under color of law,
entered Stone's cell while he was in the shower and unlawfully appropriated his property with the
intent to deprive him of this property without his effective consent by stealing his trade secrets,
namely a chart or diagram of his educational academic studies. Further, Stone alleged that the other
appellees, among other acts or omissions and acting under color of law, conducted random searches
of his property out of his sight or view, which (1) violated his protected liberty and property interests,
(2) created a threat of theft, reckless damage, or destruction of his property, (3) placed him in
jeopardy of being set up with planted contraband, and (4) was without due process. Stone sought
attorney's fees, and "exemplary, punitive, nominal, and actual damages" from Appellees.

 On December 14, 2007, without conducting a hearing, the trial court found that Stone's suit
was frivolous or malicious and dismissed it with prejudice pursuant to Chapter 14 of the Texas Civil
Practices and Remedies Code. This appeal followed.


Dismissal Pursuant to Chapter 14 of

the Texas Civil Practices and Remedies Code


 In one issue, Stone argues that the trial court abused its discretion by dismissing his suit
without notice of its intention to dismiss and without notice of a dismissal hearing. (1) More
specifically, he contends that the trial court failed to provide him with notice pursuant to rule 165a
of the Texas Rules of Civil Procedure. We review the trial court's dismissal of an in forma pauperis
suit under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex.
App.-Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and
without reference to any guiding rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722
(Tex. App.-Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any
legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament, 814
S.W.2d 808, 810 (Tex. App.-Waco 1991, writ denied). The trial courts are given broad discretion
to determine whether a case should be dismissed because (1) prisoners have a strong incentive to
litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not
effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials,
courts, and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex.
App.-Tyler 1994, no writ). 

 Chapter 14 of the Texas Civil Practices and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. (2)
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a) (2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the "same operative facts." Id. § 14.003(b)(4). To enable a trial court
to determine whether the suit is substantially similar to a previous one, an inmate is required to file
a separate affidavit or unsworn declaration describing all other suits the inmate has brought and
stating the "operative facts" upon which relief was sought. Id. § 14.004(a)(2)(A). The declaration
must be (1) in writing and (2) subscribed by the person making the declaration as true under penalty
of perjury. Tex. Civ. Prac. & Rem. Code Ann. § 132.002 (Vernon 2005).

 Here, the record contains no affidavits or unsworn declarations in compliance with section
14.004 of the Texas Civil Practice and Remedies Code. When an inmate does not comply with the
affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially
similar to one previously filed by the inmate, and therefore, frivolous. See Bell v. Texas Dep't of
Criminal Justice-Institutional Div., 962 S.W.2d 156, 158 (Tex. App.-Houston [14th Dist.] 1998,
pet. denied). Further, the requirement to file the affidavit relating to previous filings is mandatory,
and Stone's failure to file the affidavit is grounds alone to dismiss his suit. See Tex. Civ. Prac. &
Rem. Code Ann. § 14.003(a); Amir-Sharif v. Mason, 243 S.W.3d 854, 858 (Tex. App.-Dallas
2008, no pet.).

 Additionally, the affidavit or unsworn declaration must be accompanied by a certified copy
of the inmate's trust account statement that reflects the balance of the account at the time the claim
is filed and activity in the account during the six months preceding the date on which the claim is
filed. Tex. Civ. Prac. & Rem. Code Ann. § 14.004(c), 14.006(f) (Vernon 2002); Williams v.
Brown, 33 S.W.3d 410, 412 (Tex. App.-Houston [1st Dist.] 2000, no pet.). Stone did not attach a
certified copy of his inmate trust account as required by section 14.004(c) of the Texas Civil Practice
and Remedies Code. The requirement to file his inmate trust account is mandatory, and Stone's
failure to file it is also sufficient grounds to dismiss his suit. See Tex. Civ. Prac. & Rem. Code
Ann. § 14.003(a); Lilly v. Northrep, 100 S.W.3d 335, 336 (Tex. App.-San Antonio 2002, pet.
denied). 

 However, Stone argues that the trial court abused its discretion by dismissing his suit without
notice of its intention to dismiss, without notice of a dismissal hearing, and without notice pursuant
to rule 165a of the Texas Rules of Civil Procedure. Rule 165a of the Texas Rules of Procedure
applies to dismissals for want of prosecution. Tex. R. Civ. P. 165a. Stone's case was dismissed
pursuant to section 14.003(a) of the Texas Civil Practices and Remedies Code, not for want of
prosecution. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a). Thus, Rule 165a does not apply
to the present case. See Kendrick v. Lynaugh, 804 S.W.2d 153, 155-56 (Tex. App.-Houston [14th
Dist.] 1990, no writ). 

 Nonetheless, under section 14.003(c) of the Texas Civil Practices and Remedies Code, the
statute provides that a trial court "may" hold a hearing before dismissing a suit under section
14.003(a), but is not required to do so. Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c); Presiado v.
Sheffield, 230 S.W.3d 272, 274 (Tex. App.-Beaumont 2007, no pet.); Thomas v. Bilby, 40 S.W.3d
166, 168 (Tex. App.-Texarkana 2001, no pet.). A trial court's decision on whether to hold a hearing
is discretionary. See Williams, 33 S.W.3d at 411. Further, under section 14.003(a), a suit can be
dismissed either before or after service of process. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a). Because Stone failed to file either an affidavit or unsworn declaration relating to
previous filings or a certified copy of his inmate trust account statement, his suit was subject to
dismissal without a hearing or allowing Stone an opportunity to respond. See Gowan v. Texas Dep't
of Criminal Justice, 99 S.W.3d 319, 323 (Tex. App.-Texarkana 2003, no pet.). Therefore, the trial
court did not abuse its discretion in dismissing Stone's suit without notice of its intention to dismiss
and without notice of a dismissal hearing. See Moreland v. Johnson, 95 S.W.3d 392, 394-95 (Tex.
App.-Houston [1st Dist.] 2002, no pet.). 


Conclusion

 We hold that the trial court did not abuse its discretion when it dismissed Stone's suit. See 
id. However, the trial court's dismissal of Stone's suit with prejudice was improper because his error
could have been remedied through amendment or more specific pleading. See Thomas v. Skinner,
54 S.W.3d 845, 846-47 (Tex. App.-Corpus Christi 2001, pet. denied). Thus, we modify the trial
court's order of dismissal by deleting the words "with prejudice" and substituting in their place the
words "without prejudice." Having overruled Stone's sole issue, we affirm the trial court's order
of dismissal as modified.




 BRIAN HOYLE 

 Justice



Opinion delivered December 17, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.





















(PUBLISH)
`
1. We have construed Stone's issues liberally in the interest of justice.
2. Chapter 14 does not apply to suits brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann.
§ 14.002(b) (Vernon 2002).