# NO. 12-08-00127-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ALFRED LEE STONE,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *CO IV AARON D. TOLERTON, CO IV*<br>*JULIE A. CORMIER, CO IV WILLIAM*<br>*E. BURCH, CO IV RICHARD E. TAEGER,*<br>*CO V ALLEN LANE, JR., AND DIRECTOR*<br>*NATHANIEL QUARTERMAN,*<br>*APPELLEES* | § | *HOUSTON COUNTY, TEXAS* |

## MEMORANDUM OPINION

Appellant Alfred Lee Stone, proceeding pro se, appeals the trial court's order dismissing his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code. We affirm.

## BACKGROUND

Stone is an inmate in the Texas Department of Criminal Justice ("TDCJ"). While incarcerated, Stone filed an in forma pauperis civil suit against CO IV Aaron D. Tolerton, CO IV Julie A. Cormier, CO IV William E. Burch, CO IV Richard E. Taeger, CO V Allen Lane, Jr., and Director Nathaniel Quarterman. In his lawsuit, Stone alleges that Appellees Tolerton, Cormier, Taeger, and Lane, among other acts or omissions and acting under color of law, conducted random searches of his property out of his sight or view, which (1) violated his protected liberty and property interests, (2) created a threat of theft, reckless damage, or destruction of his property, (3) placed him in jeopardy of being set up with planted contraband, and (4) was without due process. He alleges that Appellee Burch, among other acts or omissions and acting under color of law, placed an "unwanted" drug in his food or instructed the prison kitchen workers to place such a drug in his food, causing his head to hurt. Further, Stone alleges that Appellee Quarterman, among other acts or

omissions and acting under color of law, implemented an unconstitutional mail policy that required all prisoners to mail letters unsealed through the mail room department except letters to courts. As applied to him, Stone alleges that he needs to mail his business trade secrets to the Library of Congress and Copyrights Office sealed. Stone sought attorney's fees, and "exemplary, punitive, nominal, and actual damages" from Appellees.

On February 5, 2008, without conducting a hearing, the trial court dismissed Stone's suit pursuant to Chapter 14 of the Texas Civil Practices and Remedies Code. This appeal followed.

### DISMISSAL PURSUANT TO CHAPTER 14 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

In one issue, Stone argues that the trial court abused its discretion by dismissing his suit without notice of its intention to dismiss and without notice of a dismissal hearing.[1] More specifically, he contends that the trial court failed to provide him with notice pursuant to rule 165a of the Texas Rules of Civil Procedure. We review the trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. *Hickson v. Moya*, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706-07 (Tex. 1990); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants. *See Montana v. Patterson*, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.[2]

---

[1] We have construed Stone's issues liberally in the interest of justice.

[2] Chapter 14 does not apply to suits brought under the Family Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(b) (Vernon 2002).

TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); *Hickson*, 926 S.W.2d at 398. Section 14.003 provides that a trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a) (2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate because the claim arises out of the "same operative facts." *Id.* § 14.003(b)(4). To enable a trial court to determine whether the suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought. *Id.* § 14.004(a)(2)(A). The declaration must be (1) in writing and (2) subscribed by the person making the declaration as true under penalty of perjury. TEX. CIV. PRAC. & REM. CODE ANN. § 132.002 (Vernon 2005).

Here, the record contains no affidavits or unsworn declarations in compliance with section 14.004 of the Texas Civil Practice and Remedies Code. When an inmate does not comply with the affidavit requirements of section 14.004, the trial court is entitled to assume the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous. *See Bell v. Texas Dep't of Criminal Justice-Institutional Div.*, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). Further, the requirement to file the affidavit relating to previous filings is mandatory, and Stone's failure to file the affidavit is grounds alone to dismiss his suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); *Amir-Sharif v. Mason*, 243 S.W.3d 854, 858 (Tex. App.–Dallas 2008, no pet.).

Additionally, the affidavit or unsworn declaration must be accompanied by a certified copy of the inmate's trust account statement that reflects the balance of the account at the time the claim is filed and the activity in the account during the six months preceding the date on which the claim is filed. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(c), 14.006(f) (Vernon 2002); *Williams v. Brown*, 33 S.W.3d 410, 412 (Tex. App.–Houston [1st Dist.] 2000, no pet.). Stone did not attach a certified copy of his inmate trust account as required by section 14.004(c) of the Texas Civil Practice and Remedies Code. The requirement to file his inmate trust account is mandatory, and Stone's failure to file it is also sufficient grounds to dismiss his suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a); *Lilly v. Northrep*, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet. denied).

However, Stone argues that the trial court abused its discretion by dismissing his suit without

notice of its intention to dismiss, without notice of a dismissal hearing, and without notice pursuant to rule 165a of the Texas Rules of Civil Procedure. Rule 165a of the Texas Rules of Procedure applies to dismissals for want of prosecution. TEX. R. CIV. P. 165a. Stone's case was dismissed pursuant to section 14.003(a) of the Texas Civil Practice and Remedies Code, not for want of prosecution. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Thus, Rule 165a does not apply to the present case. *See **Kendrick v. Lynaugh***, 804 S.W.2d 153, 155-56 (Tex. App.–Houston [14th Dist.] 1990, no writ).

Nonetheless, under section 14.003(c) of the Texas Civil Practice and Remedies Code, the statute provides that a trial court "may" hold a hearing before dismissing a suit under section 14.003(a), but is not required to do so. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c); ***Presiado v. Sheffield***, 230 S.W.3d 272, 274 (Tex. App.–Beaumont 2007, no pet.); ***Thomas v. Bilby***, 40 S.W.3d 166, 168 (Tex. App.–Texarkana 2001, no pet.). A trial court's decision on whether to hold a hearing is discretionary. *See **Williams***, 33 S.W.3d at 411. Further, under section 14.003(a), a suit can be dismissed either before or after service of process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a). Because Stone failed to file either an affidavit or unsworn declaration relating to previous filings or a certified copy of his inmate trust account statement, his suit was subject to dismissal without a hearing or allowing Stone an opportunity to respond. *See **Gowan v. Tex. Dep't of Criminal Justice***, 99 S.W.3d 319, 323 (Tex. App.–Texarkana 2003, no pet.). Therefore, the trial court did not abuse its discretion in dismissing Stone's suit without notice of its intention to dismiss and without notice of a dismissal hearing. *See **Moreland v. Johnson***, 95 S.W.3d 392, 394-95 (Tex. App.–Houston [1st Dist.] 2002, no pet.).

## DISPOSITION

We hold that the trial court did not abuse its discretion when it dismissed Stone's suit. *See **id**.* Having overruled Stone's sole issue, we ***affirm*** the trial court's order of dismissal.[3]

---

[3] Although the order of dismissal does not state that Stone's suit is dismissed with prejudice, it is presumed that the dismissal is without prejudice. *See **In re Hughes***, 770 S.W.2d 635, 637 (Tex. App.–Houston [1st Dist.] 1989, no writ).

                                    **JAMES T. WORTHEN**
                                        Chief Justice


Opinion delivered December 17, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)