NO. 12-09-00342-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ANTHONY WAYNE WHITE,                      §                      APPEAL
FROM THE 87TH

APPELLANT

                                                                        

V.                                                                    §                      JUDICIAL
DISTRICT COURT 

 

THE STATE OF TEXAS, ET AL,

APPELLEES                                                 §                      ANDERSON
COUNTY, TEXAS







MEMORANDUM
OPINION

Anthony
Wayne White appeals the dismissal of his civil suit against the State of
Texas.  White raises five issues.  The State of Texas did not file a brief.  We
affirm.

 

Background

White
is an inmate in the Texas Department of Criminal Justice.  On September 14,
2009, White, proceeding pro se, filed this lawsuit against Appellees, the State
of Texas, the Texas Board of Criminal Justice, the Texas Department of Criminal
Justice, and an employee of the State of Texas.  In his suit, White alleged
that he received deficient representation from appointed counsel on a pending
criminal case and that there was a conspiracy between the appellees to deprive
convicted offenders who “receive additional charges” of their due process
rights.  White sought monetary damages and injunctive relief. 

The
trial court found that this lawsuit was governed by chapter fourteen of the
Texas Civil Practice and Remedies Code.  The trial court also found that White
did not include an affidavit or other declaration describing his prior lawsuits[1] and did not include a copy of
the written decision from the internal Texas Department of Justice grievance
system.   Both are requirements for those bringing suit pro se and in forma
pauperis, like White, and so the trial court dismissed White’s lawsuit. 
This appeal followed.

 

Dismissal of Suit under Chapter Fourteen

In
five issues, White argues that the trial court erred when it dismissed his
lawsuit.  Specifically, White argues that chapter fourteen of the Texas Civil
Practice and Remedies Code violates his due process rights, that dismissal is
not required for failure to meet the statutory requirements because chapter
fourteen was not applicable to his lawsuit, that the trial court erred in
failing to file findings of fact and conclusions of law, and that the trial
court should have granted a hearing on his motion to reinstate.  

Applicable
Law and Standard of Review

Chapter
fourteen of the Texas Civil Practice and Remedies Code applies to a lawsuit
brought by a pro se inmate who has filed an affidavit or unsworn declaration of
inability to pay costs (in forma pauperis) and imposes several
procedural requirements for those lawsuits.  See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002–.006 (Vernon
2002); Garrett v. Borden, 283 S.W.3d 852, 853 (Tex. 2009). 
Chapter fourteen requires, in part, that an inmate proceeding in forma
pauperis disclose the details of any prior lawsuits and provide a copy of
the written decision from the grievance system within Texas prisons, if the
inmate is subject to that system.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 14.004, 14.005 (Vernon 2002). 
Generally, an inmate’s lawsuit may be dismissed if it fails to meet the
procedural requirements imposed by chapter fourteen.  See Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.); Lilly
v. Northrep, 100 S.W.3d 335, 336 (Tex. App.–San Antonio 2002, pet.
denied).  

Under
chapter fourteen, a trial court may also dismiss a claim if the court finds
that the claim is frivolous or malicious.  See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon
2002).  In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is “substantially similar to a previous claim
filed by the inmate” that “arises out of the same operative facts.”  Id.
§ 14.003(b)(4).  The inmate litigant must file a separate affidavit or unsworn
declaration describing all other suits the inmate has brought and stating the
“operative facts” for which relief was sought.  Id. §
14.004(a)(2)(A).  The declaration must state the result of any suits, including
whether the suit was dismissed as frivolous or malicious.  Id.
§ 14.004(a)(2)(D).  

When
an inmate files an affidavit or declaration that fails to comply with the
requirements of section 14.004, “the trial court is entitled to assume that the
suit is substantially similar to one previously filed by the inmate, and
therefore, frivolous.”  Bell v. Tex. Dep’t of Criminal Justice,
962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).  In
such an instance, the trial court may dismiss a claim on the grounds that it is
frivolous or malicious.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.003(a)(2), (b)(4); Thompson
v. Rodriguez, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.).  If
the inmate does not include a copy of the written decision from the prison
grievance system because that process has not been completed at the time the
lawsuit is filed, the trial court must stay the proceedings for a period not to
exceed 180 days to allow the grievance process to be completed.  Id.
§ 14.005(c). 

Our
review of the dismissal of an inmate lawsuit is for an abuse of discretion.  See
Williams v. Tex. Dep’t of Criminal JusticeBInstitutional Div., 176 S.W.3d 590,
593 (Tex. App.–Tyler 2005, pet. denied).

Analysis

In
his first issue, White argues that dismissal of his lawsuit for failure to
comply with the statutory requirement that he list his prior lawsuits and
provide a final determination from the prison grievance system violates his due
process rights. 

            Chapter Fourteen and the “Open Courts”
Provision of the Texas Constitution

Article
I, section 13 guarantees that Texas citizens will not be unreasonably denied
access to the courts.  This court has previously held that the chapter fourteen
procedural requirement that a lawsuit be brought within thirty days of the
conclusion of the prison administrative process does not violate the open
courts provision.  See Roberson v. Howell, No. 12-02-00232-CV, 2003
Tex. App. LEXIS 9971, at *4-5 (Tex. App.–Tyler Mar. 14, 2003, pet. denied)
(mem. op.).  

As
we noted in that case, we evaluate an open courts challenge by asking whether
the litigant has a cognizable common law cause of action that is being
restricted and whether the restriction is unreasonable or arbitrary when
balanced against the purpose of and basis for the restriction.  Id.
(citing Sax v. Votteler, 648 S.W.2d 661, 666 (Tex. 1983)).  Here,
the relevant statute requires that White describe each lawsuit he had
previously brought including the operative facts, identifying information about
the suit, and the outcome.  See Tex.
Civ. Prac. & Rem. Code Ann. § 14.004(a)(2).

The
legislature enacted this modest requirement with the reasonable goal of
preserving scarce judicial resources in light of what it perceived to be the
burden of frivolous and malicious lawsuits by inmates.  See, e.g.,
Carson v. Johnson, 112 F.3d 818, 822 (5th Cir. Tex. 1997) (“It
can hardly be doubted that deterring frivolous and malicious lawsuits, and
thereby preserving scarce judicial resources, is a legitimate state interest. .
. . It is similarly undebatable that prohibiting litigants with a history of
frivolous or malicious lawsuits from proceeding [in forma pauperis] will
deter such abuses.”).  Despite our request for additional briefing, White does
not advance substantive argument on his due process claim.  See Tex. R. App. P. 38.1(h).  Instead,
White provides excerpts from several reported cases, advances complaints about
conditions in the Coffield Unit of the Texas Department of Criminal Justice,
and asserts in conclusory fashion that sections 14.004 and 14.005 of the civil
practice and remedies code are unconstitutional because they violate the open
courts provision of the Texas Constitution.  See Tex. Const. art. I, § 13.    

Even
if we assume that White’s lawsuit raises a cognizable common law cause of
action, the restrictions placed on him in this case are not onerous or
unreasonable.  Therefore, we hold that White has not shown that the requirement
that pro se inmate litigants proceeding in forma pauperis describe their
prior lawsuit constitutes a denial of the constitutional right of access to the
courts.[2]  See Thomas v. Bush,
23 S.W.3d 215, 218 (Tex. App.–Beaumont 2000, pet. denied).  We overrule White’s
first issue.  

Applicability
of Chapter Fourteen

In
his second and third issues, White cites Brown v. Lubbock County Commissioners
Court, 185 S.W.3d 499 (Tex. App.–Amarillo 2005, no pet.) and Leachman
v. Dretke, 261 S.W.3d 297, 302–03 (Tex. App.–Fort Worth 2008, no pet.),
for the proposition that chapter fourteen does not apply to his lawsuit because
of the kinds of claims he raised and the individuals he sued.  These
authorities do not support the conclusion White advances.  

In
Brown, the court held that a dismissal for failure to include a
statement of the inmate’s trust fund account should be without prejudice.  The
court did not disturb the trial court’s dismissal of the suit, but it modified
the judgment to show that the dismissal was without prejudice.  See Brown,
185 S.W.3d at 503.  In Leachman, the trial court dismissed the
suit because it determined, pursuant to section 14.003, that the inmate’s claim
had “no arguable basis in law or in fact.”  See Leachman, 261
S.W.3d at 306; see also Tex. Civ.
Prac. & Rem. Code Ann. § 14.003(b)(2).  The appeals court
held that all of the claims were properly dismissed but that one of the claims
should not have been dismissed with prejudice because it could have been
amended to state a claim.  See Leachman, 261 S.W.3d at 307.  

Neither
of these cases supports White’s argument that he was not required to disclose
any prior lawsuits he had filed.  His suit was not dismissed for failure to
include a statement of his inmate trust account nor was it dismissed for
failure to present an “arguable basis in law or in fact” pursuant to section
14.003(b)(2).  Furthermore, White’s suit was not dismissed with prejudice. 
Accordingly, because White has failed to show that chapter fourteen does not
apply to his suit, we overrule his second and third issues.

Failure
to Hold Hearing or to File Findings of Fact and Conclusions of Law

In
his fourth issue, White argues that the trial court erred by failing to file
written findings of fact and conclusions of law.  In his fifth issue, White
argues that the trial court erred because it failed to hold a hearing on his
motion to reinstate the lawsuit following its dismissal.

A
trial court is required in certain circumstances to file written findings of
fact and conclusions of law if there is a request by a party.  See Tex. R. Civ. P. 296, 297.  White
asserts that he made such a request in his postdismissal motion for rehearing,
to reinstate, or for reconsideration.  In that motion, White requested a
“direct ruling by the court.”  Even if we consider this to be a request for
written findings of fact and conclusions of law, this court has held that rules
296 and 297 do not apply in an inmate suit that is dismissed for failure to
comply with the pleading requirements of chapter fourteen.  See Timmons
v. Luce, 840 S.W.2d 582, 586 (Tex. App.–Tyler 1992, no writ) (citing Kendrick
v. Lynaugh, 804 S.W.2d 153 (Tex. App.–Houston [14th Dist.] 1990, no
writ)); see also Addicks v. Quarterman, No. 12-09-00098-CV, 2011
Tex. App. LEXIS 1077, at *12 (Tex. App.–Tyler Feb. 16, 2011, no pet. h.) (mem.
op.).  In that case, we held that a trial court could not make findings of fact
since the trial court had merely dismissed the case because of deficiencies in
the pleadings and had not heard any evidence.  See Timmons, 840
S.W.2d at 586.  

As
in Timmons, the trial court in this case did not hear any evidence
and based its ruling on deficiencies in White’s pleadings.  Therefore, it was
not required to file findings of fact and conclusions of law.[3]  We overrule White’s fourth
issue.

In
his fifth issue, White argues Texas Rule of Civil Procedure 165a required the
trial court to hold a hearing on his motion to reinstate filed after the
dismissal order was entered.  This court has previously noted that “[r]ule 165a
of the Texas Rules of Procedure applies to dismissals for want of prosecution”
and does not apply to dismissals for failure to comply with the procedural
requirements for pro se in forma pauperis inmate lawsuits.  See Stone
v. Schull, No. 12-08-00102-CV, 2008 Tex. App. LEXIS 9367, at *6 (Tex.
App.–Tyler Dec. 17, 2008, no pet.) (mem. op.) (citing Kendrick v. Lynaugh,
804 S.W.2d 153, 155–56 (Tex. App.–Houston [14th Dist.] 1990, no writ)); see
also Tex. R. Civ. P. 165a. 
Accordingly, White has not shown that the trial court committed reversible
error when it did not hold a hearing on his motion to reinstate.  We overrule
White’s fifth issue.

 

Conclusion

            White
was required to include a statement of his prior lawsuits when he filed this
case in the trial court.  Because he did not, the trial court was entitled to
assume that this lawsuit was similar to previously filed litigation, to
conclude that it was frivolous, and to dismiss it.  Therefore, we affirm the
judgment of the trial court.  All pending motions are overruled as moot.

 

                                                                   James
T. Worthen

                                                                                          
   Chief Justice

 

 

Opinion delivered February 28 2011.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(PUBLISH)









[1] White conceded in his pleadings
in the trial court that he had been involved in prior litigation and that he
had not provided the required information with his pleadings in this case. 





[2] Because White’s admitted failure
to disclose prior suits is sufficient to support the trial court’s dismissal of
the lawsuit, we need not consider whether he complied with the statutory
requirements as they relate to the grievance
process.  C.f. Amir-Sharif v. Mason, 243 S.W.3d 854, 858
(Tex. App.–Dallas 2008, no pet.) (litigant unable to establish reversible error
when he did not argue that trial court erred in dismissing for failure to
disclose prior suits). 





[3] We note that the trial court did
state in its order that White’s petition was dismissed for failure to include
an affidavit of prior suits and a decision from the grievance system.  The
order also includes citations to the specific statutes on which the court
relied.