**Affirmed Memorandum Opinion filed July 29, 2014.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-13-00623-CV

**YIGAL BOSCH, Appellant**

**V.**

**3 PARK'S ENTERPRISES, LLC D/B/A LAH CLEANERS, Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2012-13519**

## M E M O R A N D U M   O P I N I O N

We address whether the trial court properly granted a no-evidence summary judgment in favor of 3 Park's Enterprises, LLC d/b/a LAH Cleaners in a negligence suit brought by Yigal Bosch, who alleges that he suffered injuries resulting from a fall at LAH Cleaners. We affirm.

### BACKGROUND

Bosch entered LAH Cleaners with a load of dirty laundry on October 23,

2010. Bosch placed the laundry on the counter and stepped backwards. While stepping backwards, Bosch fell down and hit his head on a metal object.

Bosch sued LAH Cleaners for negligence based on a premises liability theory on March 6, 2012. LAH Cleaners filed a no-evidence motion for summary judgment on April 3, 2013. In response, Bosch filed "Plaintiff's Response to Defendant's No-Evidence Motion for Summary Judgment" on April 18, 2013. Attached to the response was an excerpt from Bosch's deposition. The trial court granted LAH Cleaners's motion for summary judgment on May 17, 2013. Bosch requested findings of facts and conclusions of law. The trial court denied Bosch's request. This appeal followed.

## ANALYSIS

In four issues on appeal, Bosch asserts that (1) the trial court erred in granting LAH Cleaners's motion for summary judgment because Bosch's deposition raised genuine issues of material fact; (2) the trial court abused its discretion in denying Bosch's motion for continuance; (3) the trial court erred in denying Bosch's requests for findings of fact and conclusions of law; and (4) "the trial court erred in finding that [Bosch's] exhibits were not summary judgment[] exhibits."

## I. Standard of Review

We review summary judgments *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a no-evidence summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Green v. Lowe's Home Ctrs., Inc.*, 199 S.W.3d 514, 518 (Tex. App.— Houston [1st Dist.] 2006, pet. denied). We sustain a no-evidence summary

judgment when (1) there is a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 31983)).

## II.    Summary Judgment

Bosch asserts in his first issue that the trial court erred in granting LAH Cleaners's motion for a no-evidence summary judgment because Bosch's deposition raised genuine issues of material fact.

It is undisputed that Bosch was an invitee of LAH Cleaners. Because Bosch was an invitee, LAH Cleaners owed a duty to exercise reasonable care to protect Bosch from dangerous conditions known or discoverable by LAH Cleaners. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). To recover from LAH Cleaners, Bosch must demonstrate that (1) LAH Cleaners had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) LAH Cleaners did not exercise reasonable care to reduce or eliminate the risk; and (4) the failure to use such care proximately caused Bosch's injuries. *See Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 670 (Tex. App.—Houston [14th Dist.] 2012, pet. denied).

LAH Cleaners argued in its no-evidence motion for summary judgment that there was no evidence with regard to all of the required elements. In response,

Bosch produced an excerpt from his deposition. The deposition excerpt was the only evidence that Bosch produced.

In the deposition, Bosch stated that he walked into the cleaners, placed his clothes on the counter, stepped backward, and fell. He also stated that he does not remember what caused him to fall or what his head hit. However, he stated that his girlfriend visited the cleaners after his fall and the owner told her that "there was a piece of metal by the — glass window, which [his] head hit." In the excerpt, Bosch speculated that if carpet is not stretched every six months, it becomes a hazard because individuals trip over excess carpet. Nevertheless, he did not assert that excess carpet was responsible for his fall.

The proffered deposition excerpt does not tend to show that LAH Cleaners had actual or constructive knowledge of a condition on the premises that posed an unreasonable risk of harm. Instead, the proffered excerpt speculates that Bosch might have fallen because of excess carpet. The excerpt also does not tend to show that LAH Cleaners failed to exercise reasonable care to reduce or eliminate the risk; or that LAH Cleaners's failure to use such care proximately caused Bosch's injuries. Accordingly, we overrule Bosch's first issue.

## III. Motion for Continuance

Bosch argues in his second issue that the trial court abused its discretion in denying Bosch's motion for continuance of the summary judgment submission. Bosch requested a continuance in "Plantiff's Response to Defendant's No-Evidence Motion for Summary Judgment," stating: "To the extent more time for discovery is needed to take the deposition of the company owner, Jin Ho Park, also an eyewitness, hearing on this matter should be continued to allow this deposition. Continuance is not sought for delay only, but so that justice may be done."

4

To present a complaint for appellate review, the record must show a complaint was communicated to the trial court by a timely motion, request, or objection complying with the requirements of the rules of civil procedure. Tex. R. App. P. 33.1(a). When a party moves for continuance, Rule 251 requires the party to show sufficient cause supported by affidavit, consent of the parties, or operation of law. Tex. R. Civ. P. 251.

When a first motion for continuance is based on the absence of a material witness or the need for additional time for discovery, Rule 252 requires an affidavit that demonstrates: (1) the testimony is material; (2) due diligence has been used to procure that testimony; (3) the cause of the failure to procure testimony; (4) the name and residence of the absent witness and what that witness will prove; and (5) the continuance is not sought for delay only, but so that justice may be done. *See* Tex. R. Civ. P. 252.

Bosch's motion for continuance was based on the absence of a material witness. Bosch failed to provide an affidavit that complied with Rule 252. *See id*. Thus, the trial court did not err in denying Bosch's motion for continuance.

## IV.    Request for Findings of Fact and Conclusions of Law

Bosch argues in his third issue that the trial court erred in denying his request for findings of fact and conclusions of law.

Rule 296 requires a judge, at the request of either party, to state findings of fact and conclusions of law in writing in any nonjury case tried in a district or county court. *See* Tex. R. Civ. P. 297. However, a trial court is not required to file findings of fact and conclusions of law if no trial occurred. *See id*.; *IKB Industries (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441 (Tex. 1997); *Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex. App.—Houston [14th Dist.] 1990, no pet.).

When judgment is rendered as a matter of law, findings and conclusions have no purpose and should not be requested or considered on appeal. *IKB Indus. (Nigeria) Ltd.*, 938 S.W.2d at 443.

Here, the trial court signed a no-evidence motion for summary judgment in favor of LAH Cleaners. Thus, the trial court was not required to sign findings of fact and conclusions of law. *See id*. We overrule Bosch's third issue.

## V. Summary Judgment Exhibit

Bosch argues in his final issue that "the trial court erred in finding that [his] exhibits were not summary judgment[] exhibits."

The only exhibit contained in the record is the excerpt from Bosch's deposition. The trial court did not find that the exhibit was not a summary judgment exhibit. Instead, the trial court granted LAH Cleaners's motion for summary judgment. As discussed in Part II, the trial court did not err in granting LAH Cleaners's motion for summary judgment because Bosch's deposition failed to raise genuine issues of material fact. Accordingly, we overrule Bosch's final issue.

## CONCLUSION

Having overruled all of Bosch's issues, we affirm the trial court's judgment.


/s/     William J. Boyce
        Justice


Panel consists of Justices Boyce, Busby, and Wise.

6