# NO. 12-15-00027-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENNETH CRISSUP,* *APPELLANT* | *§* | *APPEAL FROM THE 349TH* |
| *V.* | | |
| *WILLIAM STEPHENS, TODD A.* *FOXWORTH, PAMELA* *KIRKPATRICK, EBONI G. BROWN,* *DR. GARY WRIGHT, LISA GARRETT* *AND UNKNOWN OFFICER,* | *§* | *JUDICIAL DISTRICT COURT* |
| *APPELLEES* | *§* | *ANDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction pursuant to Texas Rule of Appellate Procedure 42.3(a). The trial court's judgment was signed on October 27, 2014. As applicable here, the rules of appellate procedure require the notice of appeal to be filed within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. Therefore, Crissup's notice of appeal was due to have been filed no later than November 26, 2014. Crissup did not file his notice of appeal until February 2, 2015. Because Crissup's notice of appeal was not filed on or before November 26, 2014, it was untimely, and this Court has no jurisdiction of the appeal.

On February 2, 2015, this Court notified Crissup, pursuant to Texas Rules of Appellate Procedure 37.1 and 42.3, that his notice of appeal was untimely and there was no timely motion for an extension of time to file the notice of appeal. Crissup was further informed that the appeal would be dismissed if the information in this appeal was not amended, or on before February 13, 2015, to show the jurisdiction of this Court.

In response to this Court's notice, Crissup filed a "Motion to Amend Information" in which he states that, on November 5, 2015, he requested findings of fact and conclusions of law from the trial court. He further states that he has not received any response from the trial court and therefore

mailed his notice of appeal on January 29, 2015. Accordingly, he requests that this Court assert jurisdiction of the appeal.

In a nonjury case tried in a district or county court, "the judge shall, at the request of either party, state in writing his findings of fact and conclusions of law." TEX. R. CIV. P. 296. These findings and conclusions must be filed within twenty days after a timely request is filed. TEX. R. CIV. P. 297. A notice of appeal must be filed within ninety days, instead of thirty days, after the judgment is signed if any party timely files a request for findings of fact and conclusions of law (1) if findings and conclusions are either required by the rules of civil procedure or (2) if not required, could properly be considered by the appellate court. *See* TEX. R. APP. P. 26.1(a)(4). However, there is no "duty on [a] trial court to file findings of fact or conclusions of law where there has been no trial." **Kendrick v. Lynaugh**, 804 S.W.2d 153, 156 (Tex. App.–Houston [14th Dist.] 1990, no pet.).

Here, the trial court dismissed Crissup's *pro se informa pauperis* suit relating to "property loss, personal injury, mandamus" without an evidentiary hearing. Consequently, the trial court had no duty to file findings of fact and conclusions of law. *See **id.*** And even if the trial court had filed findings and conclusions, this Court could not consider them. *See* **Estate of Nelson v. Neal**, 764 S.W.2d 322, 325 n.3 (Tex. App.–Texarkana 1988), *aff'd*, 787 S.W.2d 434 (Tex. 1990) (holding that findings of fact and conclusions of law cannot be considered when no evidence is introduced); *see also* **Healy v. Wick Bldg. Sys., Inc.**, 560 S.W.2d 713, 721 (Tex. Civ. App.–Dallas 1977, writ ref'd n.r.e.) (op. on reh'g) (holding that findings made without hearing evidence are without effect). Moreover, because any such findings and conclusions could not "properly be considered by [this Court]," Crissup's request for them did not extend the time for filing his notice of appeal. *See* TEX. R. APP. P. 26.1(a)(4). Therefore, Crissup has not established the jurisdiction of this Court.[1]

Because this court is not authorized to extend the time for perfecting an appeal except as provided by Texas Rules of Appellate Procedure 26.1 and 26.3, we *overrule* Crissup's "Motion to Amend Information" and *dismiss* the appeal *for want of jurisdiction*. *See* TEX. R. APP. P. 42.3(a).

Opinion delivered February 18, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

---

[1] We express no opinion concerning whether the notice of appeal would have been timely if Crissup's request had extended the time for filing it.

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 18, 2015**

**NO. 12-15-00027-CV**

**KENNETH CRISSUP,**
Appellant
V.
**WILLIAM STEPHENS, TODD A. FOXWORTH, PAMELA KIRKPATRICK,
EBONI G. BROWN, DR. GARY WRIGHT, LISA GARRETT
AND UNKNOWN OFFICER,**
Appellees

---

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349-7261)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*