NO. 07-04-0265-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 13, 2005

_____

CLARENCE D. BROWN, APPELLANT

V.

LUBBOCK COUNTY COMM. COURT, ET AL., APPELLEES

_____

FROM THE 99TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-525,430; HONORABLE MACKEY HANCOCK, JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**OPINION**

Appellant, Clarence D. Brown, appeals the dismissal of his suit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.  We affirm the dismissal.

Brown is an inmate confined in the Institutional Division of the Texas Department of Criminal Justice as a result of a conviction for sexual assault in 1997 or 1998.  In February 2004 he brought suit against the Lubbock County Commissioners Court, the commissioners, the Lubbock County District Attorney and the judge of the 72nd District

Court, Blair Cherry, alleging they deprived him of constitutional rights by creating and applying procedures which denied him the assistance of counsel prior to his indictment. He also alleged the district attorney engaged in malicious prosecution. Appellant sought recovery of $300,000.00 in actual damages, plus punitive damages from each defendant. He attached an affidavit of indigence and copy of his inmate trust account statement to his petition. An amended petition added 364th District Judge Bradley Underwood and Lubbock County Magistrate Judge David Hazlewood as defendants.

The Lubbock County defendants[1] filed an answer including a plea to the jurisdiction asserting sovereign immunity and affirmative defenses including the failure to give notice of claim under the Texas Tort Claims Act,[2] failure to comply with Chapter 14 of the Civil Practice and Remedies Code, and limitations. In a separate answer the district judge defendants asserted defenses of absolute immunity, limitations, and the failure to comply with Chapter 14 of the Civil Practice and Remedies Code. They also alleged the claims were frivolous and sought recovery of attorney's fees and costs.

The district judge defendants filed a motion to dismiss pursuant to Chapter 14. The motion sought dismissal without prejudice on the basis appellant failed to file an affidavit or statement of previous suits (§14.004), the disposition of administrative grievance (§14.005), or certified copy of his inmate trust account (§14.006(f)). It sought dismissal

---

[1] The Lubbock County defendants include the Commissioners Court, its members Kenny Maines, James Kitten, Gilbert Flores and Patti Jones, and Lubbock County District Attorney William Sowder.

[2] Tex. Civ. Prac. & Rem. Code Ann. Ch. 101 (Vernon 2005).

with prejudice under section 14.003 on the basis the suit was frivolous or malicious, arguing the suit had no probability of success because judges have absolute immunity and the claims were barred by the two-year limitations applicable to actions under Title 42, Section 1983 of the United States Code.

The trial court dismissed the claims against all defendants, with prejudice, on April 14, 2004.[3] The order recites appellant's claims lack an arguable basis in law and were dismissed pursuant to section 14.003. It also dismissed for failure to comply with sections 14.004, 14.005, and 14.006(f). Appellant perfected appeal from that order and filed a motion for rehearing. The motion for rehearing detailed the authority on which appellant relies to support his position the defendants illegally denied him the timely assistance of counsel. In the motion appellant also argued the trial court's dismissal for failure to comply with the procedural requirements of Chapter 14 should not have been with prejudice because any such defects can be cured. Appellant attached a declaration of previously filed suits to his motion for rehearing. That document listed ten suits, each of which were petitions for habeas corpus arising out of his sexual assault conviction. The trial court denied the motion by express order on May 11, 2004.

Appellant now presents five issues on appeal, asking (1) whether the trial court abused its discretion in dismissing his suit with prejudice under sections 14.004, 14.005, and 14.006(f) of the Civil Practice & Remedies Code, (2) whether his claims lack an arguable basis in law, (3) whether he was denied the assistance of counsel at a critical

---

[3] The record does not show whether the motion to dismiss was presented to the trial court before its ruling.

3

stage, (4) whether the policy and procedure used by the District Courts of Lubbock County violate Article V, Section 12(b) of the Texas Constitution and the U.S. Constitution, and (5) whether the defendants' application of Articles 32.001 and 28.061 of the Code of Criminal Procedure violated his federal due process rights.

The district judge defendants respond with a brief arguing dismissal was proper under sections 14.005 and 14.006(f) because appellant failed to file affidavits that he exhausted administrative remedies and of his previous suits. They also argue the suit was properly dismissed as frivolous. The Lubbock County defendants' brief adopts the argument of the district judge defendants, adding that dismissal was proper based on appellant's failure to comply with section 14.004, requiring a separate affidavit listing previous suits.

We address appellant's issues and supporting arguments in the order he presents them. Texas courts have consistently held the affidavit of previous filings required by section 14.004 is a procedural matter which can be cured by amendment. *See, e.g.*, *Thomas v. Skinner*, 54 S.W.3d 845, 847 (Tex.App.–Corpus Christi 2001, pet. denied); *Hickman v. Adams*, 35 S.W.3d 120, 125 (Tex.App.–Houston [14th Dist.] 2000, no pet.). The record shows appellant did correct the defect by filing a declaration of his previous suits as an attachment to his motion for rehearing. We agree dismissal with prejudice was not proper under section 14.004.

Section 14.005 applies to suits arising out of a claim "subject to the grievance system established under Section 501.008 [of the] Government Code." When applicable,

it requires the inmate to provide the date the grievance was filed, the date of the written decision and a copy of that decision. Section 501.008 of the Government Code directs the Department of Criminal Justice to create a grievance system for inmates. The system is the exclusive administrative remedy for "a claim for relief against the department that arises while the inmate is housed in a facility operated by [or for] the department[.]" Tex. Gov't Code Ann. § 501.008(a) (Vernon 2004). Appellant's claims are not subject to the grievance system under Section 501.008 because they are not against the Department or its employees and did not arise during his confinement. Consequently, section 14.005 is inapplicable to appellant's suit and it does not support the trial court's dismissal of that suit.

On appeal the district judge defendants concede appellant had filed a certified copy of his inmate trust account statement as required by section 14.006(f). We agree and find the dismissal was not supported on that basis. We sustain appellant's first issue. That holding does not require reversal of the trial court's order unless no other basis supports the dismissal.

In his second issue appellant challenges dismissal of his suit as frivolous under section 14.003(a)(2). The statute sets forth factors a trial court may consider in determining whether a claim is frivolous. They include whether (1) the claim's realistic chances of success are slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear the party cannot prove facts supporting the claim, and (4) the claim is substantially similar to a previous claim because it arises from the same operative facts. *Id.* The trial court's order of dismissal recited its finding the claims lack an arguable basis in law.

5

Appellant's argument supporting his second and third issues focuses on the merits of his claim that the period between his arrest and indictment was a "critical stage" of the proceeding against him at which the right to counsel attached, and the failure to appoint counsel deprived him of a right secured by the constitution. He concludes this deprivation supports a claim under Title 42, Section 1983 of the United States Code.

Judges acting in their judicial capacity have immunity from liability and suit for judicial acts performed within the scope of their jurisdiction. *See Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002). This immunity extends to actions that are done in error, maliciously, and even in excess of the judge's authority. *See Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). It is overcome only for actions that are: (1) nonjudicial, that is, not taken in the judge's official capacity; or (2) taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Appellant's petition clearly alleges the judicial defendants were acting in their judicial capacities. It does not allege they acted in the complete absence of jurisdiction. Appellant did not address appellees' claims of immunity in the trial court or his initial brief on appeal. In a reply brief, appellant argues judicial immunity does not apply to claims for declaratory relief. Such an exception would be inapplicable here because the only relief sought in appellant's petition was recovery of money damages. The trial court did not abuse its discretion in finding the claims against district judges Blair Cherry and

Bradley Underwood, and magistrate judge David Hazlewood[4] lack an arguable basis in law and dismissing the claims against those defendants.

Prosecuting attorneys also enjoy immunity when performing in their role as prosecutors. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Texas courts have followed federal courts and consistently held as a matter of law that absolute immunity extends to quasi-judicial officers, including prosecutors performing such typical prosecutorial functions as initiating criminal prosecution and presenting the State's case. *Oden v. Reader*, 935 S.W.2d 470, 474-75 (Tex.App.–Tyler 1996, no pet.). Even allegations a prosecutor's decisions were the result of bribes are insufficient to destroy immunity. *Clawson v. Wharton County*, 941 S.W.2d 267, 271 (Tex.App.--Corpus Christi 1996, writ denied). The record supports a conclusion by the trial court that the Lubbock County District Attorney was acting in a quasi-judicial capacity and is immune from appellant's claims. The trial court did not abuse its discretion in dismissing the claims against District Attorney William Sowder.

Individuals acting in a legislative capacity are also immune from liability for their legislative actions. *In re Perry*, 60 S.W.3d 857, 859 (Tex. 2001). Legislative immunity applies to legislators at the federal, state, and local levels of government. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004), *citing Bogan v. Scott-Harris*, 523 U.S. 44, 53, 118 S.Ct. 966, 140 L.Ed.2d 79 (1998). Commissioners court duties include legislative, executive and judicial functions. *Ector County v. Stringer*, 843 S.W.2d

---

[4] *See* Tex. Gov't Code Ann. § 54.874 (Vernon 2005) (providing magistrate in Lubbock County has the same immunity as a district judge.)

477, 478 (Tex. 1992). The adoption of a policy by a commissioner's court is legislative in nature because it reflects a discretionary, policymaking decision of general application. *See In re Perry*, 60 S.W.3d at 860. Appellant's claims against the members of the commissioners court arise from their performance of legislative functions and are barred by those defendants' legislative immunity. The trial court did not abuse its discretion in dismissing appellant's claims against the members of the commissioners' court.

To any extent appellant's naming the Lubbock County Commissioner's Court as a defendant implicates Lubbock County, we note that the county is protected by sovereign immunity as a subdivision of the state. *Catalina Development, Inc. v. County of El Paso*, 121 S.W.3d 704, 705 (Tex. 2003). Unless waived, sovereign immunity deprives a trial court of subject matter jurisdiction. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Appellant did not plead any waiver of sovereign immunity applicable to the Lubbock County Commissioners Court and dismissal of his claims against that defendant was proper.

We find the trial court did not err in dismissing appellant's suit as frivolous pursuant to section 14.003 of the Texas Civil Practice & Remedies Code. We overrule his second issue. Appellant's remaining issues seek, in effect, declarations that the policies and procedures used for appointment of counsel in criminal cases in Lubbock County deprived him of a constitutional right. Such determinations would not affect the outcome of this proceeding, and our addressing the issues would result merely in advisory opinions which we may not issue. *See Valley Baptist Medical Ctr. v. Gonzalez*, 33 S.W.3d 821, 822 (Tex.

8

2000).  *See also* Tex. R. App. P. 47.1 (opinion must address those issues necessary to final disposition of the appeal).  We affirm the trial court's order.


James T. Campbell
Justice