

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00099-CV

_____

ZAKEE KALEEM ABDULLAH, Appellant

V.

THE STATE OF TEXAS, ET AL., Appellees

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 07C0848-102

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

By his pleading filed June 18, 2007, in Bowie County, Texas, Zakee Kaleem Abdullah sued the State of Texas and the Honorable Robert Newsom, Eighth Judicial District Judge, as a follow-up to his earlier successful[1] challenge of removal of funds from his inmate trust account under an order of Judge Newsom dated April 6, 2006. Abdullah's current lawsuit is largely against Judge Newsom for actions done as a state district judge in issuing that 2006 order. Though the State of Texas is named as a party defendant in this action, Abdullah has independently pled no facts against the State, with the possible exception of his allegation that the State retains $160.00 removed from Abdullah's inmate trust account by virtue of the order in question.

The trial court in this case dismissed Abdullah's current suit on the basis of judicial and qualified immunity. Abdullah appeals that dismissal. No defendant has responded to Abdullah's brief on appeal, leaving us to do our analysis based solely on Abdullah's pro se brief; the trial court's cryptic dismissal order; the record before us in this case; and, to a limited extent, the record in Abdullah's earlier appeal to this Court.

We are to review the trial court's dismissal under an abuse of discretion standard and reverse only if we determine that it acted without reference to any guiding rules or principles. *Moreland v.*

---

[1]By our opinion in cause number 06-06-00064-CV issued January 12, 2007, we had reversed Judge Newsom's 2006 order directing the removal of funds from Abdullah's inmate trust account because we held that the order had been issued without affording Abdullah procedural due process.

*Johnson*, 95 S.W.3d 392, 394 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

Chapter 14 of the Texas Civil Practice and Remedies Code applies to an inmate's lawsuit in which is filed an affidavit of inability to pay costs of the action. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002). A trial court may dismiss a suit filed under Chapter 14 if, among other things, it finds that "the claim is frivolous or malicious." TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2) (Vernon 2002). In assessing whether a suit is frivolous or malicious, a trial court may consider various factors, including two factors listed in Section 14.003(b)(1) and (2) and specifically referenced by the the trial court in dismissing Abdullah's suit:

> (1) the claim's realistic chance of ultimate success is slight[, or]
> (2) the claim has no arguable basis in law or in fact . . . .

TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(1), (2) (Vernon 2002).

We conclude the trial court did not abuse its discretion in dismissing Abdullah's lawsuit against Judge Newsom because Judge Newsom is immune from Abdullah's suit. We conclude that most of Abdullah's claims against the State were also properly dismissed, but that the claim that the State improperly retains $160.00 belonging in Abdullah's inmate trust account was improperly dismissed.

*(1)  Judge Newsom Is Immune from Abdullah's Suit*

Judges are immune from liability and suit for actions taken in their judicial capacity and jurisdiction.  *Dallas County v. Halsey*, 87 S.W.3d 552, 554 (Tex. 2002); *Brown v. Lubbock County Comm. Court*, 185 S.W.3d 499, 504 (Tex. App.—Amarillo 2005, no pet.).  A judge enjoys judicial immunity even if he or she errs or acts maliciously or beyond his or her authority.  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978); *Brown*, 185 S.W.3d at 504.  Judges lack immunity only if the challenged action was not done in a judicial capacity or it was taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Brown*, 185 S.W.3d at 504.

Here, Judge Newsom was clearly acting as a judge in issuing the order in question.  Though Abdullah recites that Newsom acted without jurisdiction, we disagree.  Texas district courts are courts of general jurisdiction.  *See* TEX. CONST. art. V, § 8.  And this order was issued in an effort by the State to collect on an earlier judgment issued by Judge Newsom for costs and a criminal fine assessed against Abdullah.  A court that has jurisdiction to render a judgment has inherent power to enforce that judgment.  *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982); *Kortebein v. Am. Mut. Life Ins. Co.*, 49 S.W.3d 79, 88 (Tex. App.—Austin 2001, pet. denied).  We conclude that Judge Newsom—because he was acting as a judge and not in the "complete absence of all jurisdiction"—enjoys judicial immunity.

Because Judge Newsom was absolutely immune from Abdullah's lawsuit, the trial court's dismissal of the suit against Newsom was correct and is affirmed.

4

*(2)* *Abdullah's Claims Against the State Were Properly Dismissed Except the Claim That the State Improperly Retains $160.00*

Though Abdullah also named the State of Texas as a party defendant, it is not entirely clear that he actually intended to make a claim against the State, independent of the claims asserted against Newsom. But, reading Abdullah's pleading as a claim against the State, we find very little of his pleading suggesting any potentially actionable behavior by the State, beyond the alleged actions of Newsom.

Abdullah does claim mental anguish and emotional distress, and seeks exemplary and punitive damages in the amount of $15,000.00. But such damages are not recoverable under the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.024 (Vernon 2005). He also seeks what he calls "compensatory damages" in the amount of $15,000.00, but pleads no facts to establish any such compensatory damages. We conclude those alleged damages are, too, in the nature of punitive or exemplary damages, and as such are not recoverable.

Abdullah does also seek a declaratory judgment that the prior actions of the defendants in making the 2006 order violated his rights to his trust account. But our opinion in our prior case has already established that. Abdullah is not entitled to another judgment on that point. Res judicata, or "claim preclusion," forbids finally-adjudicated claims to be relitigated, as well as related matters that should have been litigated in an earlier lawsuit. *State & County Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001); *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992).

The trial court's dismissal of all of the above claims was proper.

5

But, Abdullah also appears to seek recovery from the State of $160.00 which he alleges was removed from his trust account in violation of our earlier opinion.[2] Abdullah alleges that, out of the funds originally removed from his trust account, $160.00 has not been returned. The record before us lacks sufficient information to allow the trial court to have concluded Abdullah is unlikely to recover $160.00 from the State.[3] As such, we must reverse the dismissal as to that claim only and remand this cause to the trial court for further proceedings. Otherwise, we affirm the judgment dismissing the suit.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 12, 2008
Date Decided:      March 14, 2008

---

[2]While we have some information in our prior appeal that may shed light on this subject, we are not allowed to use evidence in a prior case to supplement the sketchy record before us. Judge Newsom's response in the prior suit, and the records attached thereto, suggest that $160.50 was removed from Abdullah's trust account after Newsom's order (on which Abdullah sued) but before our opinion was issued in Abdullah's former appeal.

[3]We do not wish to be understood as saying that Abdullah will be able to recover $160.00 from the State. We simply do not have information to support the trial court's dismissal of that claim.

6