Affirmed and Memorandum Opinion filed July 16, 2009








Affirmed and Memorandum Opinion filed July 16, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01094-CV

____________

 

FRANKIE R. GENTRY, Appellant

 

V.

 

HOUSTON POLICE DEPARTMENT, Appellee

 



 

On Appeal from the 280th
District Court

Harris County, Texas

Trial Court Cause No. 2008-54353

 



 

M E M O R A N D U M   O P I N I O N

Frankie
Gentry, a prisoner in the Texas Department of Criminal Justice, appeals the
dismissal of his inmate case.  Appellant argues the trial court erred in
dismissing his lawsuit without conducting a fact hearing.  Finding no error, we
affirm the judgment of the trial court.








Factual and Procedural Background

Appellant
is an inmate housed in the Texas Department of Criminal Justice O.B. Ellis
Unit.  On September 8, 2008, appellant filed a petition, in forma pauperis,
in the 280th District Court of Harris County, Texas, titled APetition against Racism, With: malice
and = Discrimination, By: Fraud, used to illegally manufacture an
indictment:[sic].@  Appellant named three defendants: Houston Police
Department, Harris County, and AJohn or Jane Does, M.D. Chief Medical Examiner.@  It is difficult to decipher what
causes of action appellant alleges against the defendants.  However, some of
his grievances are slightly more clear than others, such as: perjury, breach of
duty of care, violation of the Texas Constitution articles 1B12, violation of the Federal
Constitution, denial of equal protection of the law, illegal manufacturing of
indictment, racial profiling, entrapment, denial of right to examining trial
before indictment, and concealment of evidence.  All of appellant=s claims relate to the criminal
conviction which resulted in his imprisonment.  Appellant claimed to have
suffered mental anguish and requested $7,000.00 in damages from each
defendant.  On September 18, 2008, the trial court dismissed appellant=s petition on the grounds his claims
were frivolous.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002).  In its
order the trial court stated in relevant part:

The Court
has reviewed the petition and finds that the petition is so poorly written that
the Court cannot tell exactly what the Plaintiff is complaining about. 
However, the Plaintiff Frankie R. Gentry appears to be, in effect, attempting
to appeal the result of his criminal case that resulted in his incarceration,
or to recover damages based on the fact that he was incarcerated as a result of
the criminal case.  Either way, this lawsuit is not a proper claim and is
frivolous.  Plaintiff may not use this civil court to attempt to appeal his
criminal case. . . . The claim=s realistic
chance of ultimate success is slight and the claim has no arguable basis in
law. 

 








The defendants did not
file anything in response to appellant=s petition and the trial court
dismissed without holding a hearing.[1]  

Appellant=s brief on appeal is as
unintelligible as his original petition.  His only recognizable complaint is
that the trial court erred in dismissing his case because it failed to hold a
fact hearing to determine whether his claims were frivolous.    

Discussion   

I.          Standard of Review

A court
may dismiss an inmate claim if it finds the claim to be frivolous or
malicious.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2) (Vernon 2002); Retzlaff
v. Texas Dep=t of Criminal Justice, 94 S.W.3d 650, 653 (Tex.
App.CHouston [14th
Dist.] 2002, pet. denied).  A
claim is frivolous if it has no basis in law or fact.  Id.  Trial courts
are given broad discretion in determining whether a case should be dismissed
because: (1) prisoners have a strong incentive to litigate; (2) the government
bears the cost of an in forma pauperis suit; (3) sanctions are not
effective; and (4) the dismissal of unmeritorious  claims accrues to the
benefit of state officials, courts, and meritorious claimants.  Retzlaff,
94 S.W.3d at 653.  When a trial court dismisses a claim without conducting a
fact hearing, the dismissal can be affirmed on appeal only if the claim has no
arguable basis in law.  Id.  Therefore, our review of whether a claim is
legally cognizable is de novo.  Id.          








II.        Analysis 

Appellant
contends the trial court erred by dismissing his lawsuit as frivolous because
the trial court held no evidentiary hearing.  To determine whether a claim is
frivolous or malicious, the court may consider whether:

(1) the
claim=s realistic chance of ultimate success is slight;

(2) the
claim has no arguable basis in law or in fact;

(3) it is
clear that the party cannot prove facts in support of the claim; or

(4) the
claim is substantially similar to a previous claim filed by the inmate because
the claim arises from the same operative facts.

Tex. Civ. Prac. &
Rem. Code Ann. ' 14.003(b) (Vernon 2002).  A trial court has discretion
whether to hold a hearing when dismissing a suit.  Id. ' 14.003(c) (Athe court may hold a hearing@) (emphasis added).[2] 
A claim has no arguable basis in law if it is an Aindisputably meritless theory.@  Minx v. Gonzales, 162 S.W.3d
635, 637 (Tex. App.CHouston
[14th Dist.] 2005, no pet.). 
In conducting our de novo review, we take as true the allegations of the
inmate=s petition.  Scott v. Gallagher,
209 S.W.3d 262, 266 (Tex. App.CHouston
[1st Dist.] 2006, no pet.).  A
court may not dismiss an inmate=s lawsuit simply because it thinks the inmate=s allegations are unlikely.  Id
at 267. 








The
claims in appellant=s original petition focus on his indictment and circumstances
leading to his final criminal conviction.  In essence, appellant is attempting
to appeal his criminal conviction in civil court.  Where a conviction has not
been overturned, a criminal defendant cannot recover damages resulting from his
conviction.  See Barnum v. Munson, Munson, Pierce and Cardwell, P.C.,
998 S.W.2d 284, 286 (Tex. App.CDallas,
1999 pet. denied) (affirming
dismissal of inmate=s malpractice action as frivolous where his conviction had
not been overturned). Furthermore, the United States Supreme Court has held
that to recover money damages for Aharms caused by actions whose
unlawfulness would render a conviction or sentence invalid,@ a state prisoner first must show
that his conviction or sentence was overturned on appeal, expunged by executive
order or state tribunal, or called into question by a writ of habeas corpus.  Heck
v. Humphrey, 512 U.S. 477, 486B87, 114 S. Ct. 2364, 2372, 129 L. Ed.
383 (1994); see also Brown v. Lubbock County Comm. Ct., 185 S.W.3d 499,
506 (Tex. App.CAmarillo 2005, no pet.); Broussard v.
Green, No. 01-00-01096-CV, 2001 WL 931606, at *2 (Tex. App.CHouston [1st Dist.] Aug. 16, 2001, no pet.) (not designated
for publication).  However, if the district court determines the plaintiff=s action, even if successful, will not
demonstrate the invalidity of any outstanding criminal judgment against the
plaintiff, the action should be allowed to proceed.  Heck, 512 U.S. at
487.  The Court further states that allowing civil damages resulting from a
criminal conviction would violate the longstanding bar against collateral
attacks on final judgments.  See id. at 484B85.  Although Heck applies to
plaintiffs proceeding under 42 U.S.C. ' 1983, we hold that its reasoning is
applicable to the claims made by appellant because they are similar in nature
to those addressed in Heck.  In Heck, the inmate plaintiff
brought a ' 1983 action alleging prosecutors violated his constitutional rights when
he was criminally convicted.  The Heck plaintiff=s claims called into question his
criminal conviction, similar to the claims made by appellant in his original
petition.  Therefore, we believe it is appropriate to apply the Heck
analysis to the instant case.  








All of
the claims alleged by appellant in his original petition, if true, would
undermine the validity of his criminal conviction.  Therefore, unless he has
proved his conviction has been overturned in some manner, a civil district
court is not the proper forum for his complaints and damages are not
warranted.  There is nothing in our record indicating appellant=s original criminal conviction has
been overturned or that he has been exonerated of the conviction in any form. A
fortiori, we hold appellant may not recover damages as a result of
circumstances surrounding his indictment and subsequent conviction.  See
Heck, 512 U.S. at 486B87.  Consequently, the trial court properly dismissed
appellant=s claims as frivolous.  Accordingly, we overrule appellant=s sole issue on appeal.

Conclusion

Having
overruled appellant=s only issue, we affirm the judgment of the trial court. 

 

 

 

 

/s/        John S. Anderson

Justice

 

 

 

 

 

Panel consists of Justices Anderson,
Guzman, and Boyce.

 

 

 

    

 









[1]   The trial court need not rely upon a motion of the
defendant in order to exercise its discretionary power to dismiss under Chapter
Fourteen.  See McCollum v. Mt. Ararat Baptist Church, 980 S.W.2d 535,
537 (Tex. App.CHouston [14th Dist.] 1998, no pet.).  Section 14.003
specifically provides a Acourt may dismiss a claim, either before or after
service of process.@ Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a) (Vernon 2002). 





[2]  Therefore, appellant=s contention the trial court erred because it failed to hold a fact
hearing is without merit.  However, we will still address whether the trial
court erred as a matter of law in finding appellant=s original claims frivolous.