## EX PARTE N.C.

### In re Alvie Robinson

### Brent Alan McLean, Appellant

v.

### Brad Livingston, et al, Appellee

### No. 10–14–00102–CV, No. 10–14–00153–CV, No. 10–14–00191–CV

Court of Appeals of Texas, Waco.

Filed January 22, 2015

N.C., Livingston, TX, pro se.

Alvie Robinson, Huntsville, TX, pro se.

Brent Alan McLean, Teague, TX, pro se.

David Weeks, Walker County Criminal District Attorney, Huntsville, TX, Cindy Garner, Melinda Mayo Fletcher, Special Prosecution Unit-Appellate Division, Amarillo, TX, for Appellees/Respondents in No. 10–14–00102–CV.

Christin Cobe, Asst. Attorney General, Austin, TX, for Real Parties in Interest in No. 10–14–00153–CV.

Christin Cobe and Briana M. Webb, Asst. Attorney General, Austin, TX, for Appellees/Respondents in No. 10–14–00191–CV.

Before Chief Justice Gray, Justice Davis, and Justice Scoggins

### OPINION ON REHEARING

TOM GRAY, Chief Justice

A motion for rehearing has been filed in each of these three proceedings. Each person who filed each of the three proceedings is an indigent inmate representing himself in the proceeding. Each proceeding was summarily dismissed because the inmate failed to comply with the basic requirements of Texas Civil Practice and

Remedies Code Chapter 14 to file the proceeding. In this opinion on rehearing, we address the issue of whether we should reinstate each proceeding and thus circumvent the purpose of the statute. We deny each motion for rehearing.

In a special session in 2011, the legislature passed, and the Governor signed, a bill with the caption: "AN ACT relating to fiscal and other matters necessary for implementation of the judiciary budget as enacted by H.B. No. 1, Acts of the 82nd Legislature, Regular Session, 2011, and to the operation and administration of, and practice and procedures in courts in, the judicial branch of state government." Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B.79), § 12.01 (effective January 1, 2012). As indicated by the caption, the bill included provisions that were designed to have an impact on the cost of operating the judicial branch. Included in that bill was a provision that clearly and specifically added proceedings filed in the appellate courts to the litigation being filed by inmates which would be summarily dismissed by the appellate court if the inmate failed to comply with the requirements of Chapter 14 of the Texas Civil Practice and Remedies Code. The bill became effective on January 1, 2012. *See* Acts 2011, 82nd Leg., 1st C.S., ch. 3 (H.B.79), § 12.01 (effective January 1, 2012).

After the change in the statute occurred but prior to its effective date, we endeavored to warn the inmate population of this statutory change. *See Altschul v. TDCJ— Inmate Trust Fund Div.*, No. 10–11–00084–CV, 2012 WL 851681, *1, 2012 Tex. App. LEXIS 2025, *3 (Tex.App.–Waco Mar. 14, 2012, pet. denied) (mem.op.) ("Section 14.002 has also been amended to make clear that such an affidavit is also required if the new action is filed in a court of appeals."). After a period of time, we began to dismiss proceedings without notice and opportunity to cure the defect,

*see Douglas v. Turner*, 441 S.W.3d 337 (Tex.App.–Waco 2013, no pet.); but later added a footnote explaining that a motion for rehearing or a petition for review could be filed and specified the timetable for doing either. *See Reed v. Ford*, No. 10–13–00279–CV, 2013 WL 5290112, 2013 Tex. App. LEXIS 11888 (Tex.App.–Waco Sept. 19, 2013, no pet.) (mem.op.). During this extended time period, we would grant the motion for rehearing and reinstate the appeal if the inmate corrected the deficiency at the time the motion for rehearing was filed. *See e.g. Atkins v. Herrera*, Nos. 10–13–00283–CV & 10–13–00284–CV, 2013 WL 5526233, 2013 Tex.App. LEXIS 12385 (Tex.App.–Waco Oct. 3, 2013) (mem.op.) (withdrawn by order issued Feb. 6, 2014) (not designated for publication).

We took these steps during the first three years of implementing this statutory amendment to allow news of the change to be more widely disseminated within the inmate population. Maybe we were wrong to be so lax when the purpose of the amended legislation was to prevent the expenditure of scarce judicial resources on frivolous proceedings filed by inmates, thus allowing the appellate courts to focus limited resources on proceedings that merited review, including those filed by other inmates who had fulfilled the minimal statutory requirements to file a proceeding in the appellate court.

We have expended judicial resources during this lengthy implementation period that were not required to be expended under a straight forward application of the statute. The statute is not difficult for an inmate to comply with. These same procedures have been required in trial courts since 1995. Nevertheless, failure to comply with this same statute in proceedings filed in trial courts continues to be a common reason for those cases to be dismissed—years after the statute was made applicable to inmate filings in the trial courts.

It is now over three years after the effective date of the statutory amendments that added these requirements to actions filed in the appellate courts. The number of deficient inmate filings, nevertheless, seems to be increasing rather than decreasing. These three proceedings are examples of the problem as each suffers from the same deficiency: failure to comply with the simple requirements of the statute to file the proceeding. Maybe we were overly optimistic in our initial assessment that inmates would learn of the minimum requirement to file appellate proceedings as indigent inmates representing themselves.

Additionally, our experience in those proceedings in which a motion for rehearing was granted has confirmed the need for a more rigorous application of the statute as written and interpreted by case law. For example, a case was dismissed in October of 2013 and reinstated after a motion for rehearing was granted in March of 2014. After three months of the inmate insisting that a reporter's record be filed, and after numerous hours of court resources being expended, the Court discovered that the inmate had requested the reporter's records for hearings held in 1988, 1989, and 1990 that were no longer available and had not requested a reporter's record from any hearing pertaining to the order at issue in the appeal. The inmate finally submitted a brief on the clerk's record alone in October of 2014, a full year after the case was originally and properly dismissed, and the case remains pending, awaiting a brief filed by the State. *See Keeter v. State,* No. 10–13–00310–CV.

Three years of education about the statutory requirements is long enough. The statute clearly authorizes this Court to summarily dismiss a proceeding that does not comply with the statute when it is filed. If the intended benefits of the statute are to be realized, we must be willing to require the inmate to comply with the statute or suffer the consequences of the failure to comply. Accordingly, we deny the motions for rehearing.

(Justice Davis dissenting)

REX D. DAVIS, Justice, dissenting in No. 10–14–00102–CV.

In a memorandum opinion, we dismissed the appeal of Appellant, a pro se state-prison inmate, because he failed to comply with Chapter 14 by not filing an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement. *Ex parte N.C.,* No. 10–14–00102–CV, 2014 WL 2810632 (Tex.App.–Waco June 19, 2014, no pet. h.); TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2014) (requiring inmate proceeding as an indigent to file affidavit or declaration "relating to previous filings," accompanied by certified copy of inmate's account statement).

In a footnote, we noted the timetable for Appellant to file a motion for rehearing, essentially inviting him to cure his deficiencies so that his appeal might be reinstated. *N.C.,* 2014 WL 2810632, at *1, n. 1. Appellant filed a motion for rehearing and asked that we allow him thirty days to file a declaration "relating to previous filings."

At the Court's direction, the Clerk of the Court notified Appellant by letter that unless he filed an affidavit or declaration of previous filings within thirty days, his motion for rehearing would be denied. Appellant timely filed his declaration of previous filings, but it was not accompanied by a certified copy of his inmate account statement. The Clerk of the Court, again at the Court's direction, then notified Appellant that unless he filed a certified copy

of his inmate account statement within twenty-one days, his motion for rehearing would be denied. Appellant timely filed a certified copy of his inmate account statement.

After the Court has thrice invited Appellant to cure his section 14.004 deficiencies, the majority now denies his motion for rehearing. I respectfully dissent.

Plainly, Chapter 14 now applies to appeals and original proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex.App.–Waco 2013, no pet.). But until now, we have been consistently allowing inmates to cure their Chapter 14 deficiencies on rehearing and granting their motions for rehearing after, as we had in this case, essentially invited them to do so.[1] *E.g., Atkins v. Herrera*, No. 10–13–00283–CV (Tex.App.–Waco Feb. 6, 2014, order) (not designated for publication); *Keeter v. State*, No. 10–13–00310–CV (Tex.App.–Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ*, No. 10–14–00116–CV (Tex.App.–Waco Aug. 14, 2014, order) (not designated for publication); *see also Reed v. Ford*, No. 10–13–00279–CV, 2013 WL 5290112, at *2, n. 2 (Tex.App.–Waco Sept. 19, 2013, no pet.) (including same footnote with deadline for motion for rehearing).

Moreover, in the trial court, an inmate can correct a section 14.004 deficiency by amendment on rehearing. *See Brown v. Lubbock Cty. Comm'rs Ct.*, 185 S.W.3d 499, 503 (Tex.App.–Amarillo 2005, no pet.). Because the majority in this appeal denies Appellant the opportunity to correct his section 14.004 deficiency on rehearing, I respectfully dissent to the denial of his motion for rehearing.

REX D. DAVIS, Justice, dissenting in No. 10–14–00153–CV.

Alvie Robinson, a pro se inmate, sought mandamus relief in this original proceeding because of the respondent trial judge's alleged failure to timely rule on Robinson's motion for summary judgment in the underlying civil case. In a memorandum opinion, we dismissed the petition for writ of mandamus because Robinson had failed to comply with Chapter 14 by not filing an affidavit or declaration "relating to previous filings." *In re Robinson*, No. 10–14–00153–CV, 2014 WL 2720884 (Tex.App.–Waco June 12, 2014, orig. proceeding); TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2014) (requiring inmate to file affidavit or declaration "relating to previous filings").

In a footnote, we noted the timetable for Robinson to file a motion for rehearing, essentially inviting him to cure his deficiency so that his original proceeding might be reinstated. *Robinson*, 2014 WL 2720884, at *1, n. 1. Robinson did just that; he filed a motion for rehearing that included his declaration of previous filings. Despite Robinson's curing his deficiencies, the majority now denies his motion for rehearing.

Plainly, Chapter 14 now applies to appeals and original proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex.App.–Waco 2013, no pet.). But until now, we have been consistently allowing inmates to cure their Chapter 14 deficiencies on rehearing and granting their motions for rehearing after, as we had in this case, essentially invited

---

1. I now believe that the correct and the more judicially efficient practice would be to notify the appellant of the section 14.004 deficiency and allow the appellant an opportunity to cure *before* dismissal. *See* TEX. R. APP. P. 44.3; *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex.2006); *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex.1997).

them to do so.[1] *E.g., Atkins v. Herrera,* No. 10–13–00283–CV (Tex.App.–Waco Feb. 6, 2014, order) (not designated for publication); *Keeter v. State,* No. 10–13–00310–CV (Tex.App.–Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ,* No. 10–14–00116–CV (Tex.App.–Waco Aug. 14, 2014, order) (not designated for publication); *see also Reed v. Ford,* No. 10–13–00279–CV, 2013 WL 5290112, at *2, n. 2 (Tex.App.–Waco Sept. 19, 2013, no pet.) (including same footnote with deadline for motion for rehearing).

Moreover, in the trial court, an inmate can correct a section 14.004 deficiency by amendment on rehearing. *See Brown v. Lubbock Cty. Comm'rs Ct.,* 185 S.W.3d 499, 503 (Tex.App.–Amarillo 2005, no pet.). Because the majority in this proceeding denies Robinson the opportunity to correct his section 14.004 deficiency on rehearing, I respectfully dissent to the denial of his motion for rehearing.

Furthermore, upon reinstatement of this proceeding, I would abate this proceeding because the respondent trial court judge died while this proceeding was pending; under Rule 7.2(b), the successor trial court judge must be allowed to reconsider the original trial court judge's decision. Tex. R. App. P. 7.2(b); *In re Whitfield,* 134 S.W.3d 314 (Tex.App.–Waco 2003, order).

REX D. DAVIS, Justice, dissenting in No. 10–14–00191–CV.

In a memorandum opinion, we dismissed the appeal of Appellant Brent Alan McLean, a pro se state-prison inmate, because he failed to comply with Chapter 14 by not filing an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement. *McLean v. Livingston,* No. 10–14–00191–CV, 2014 WL 3559279 (Tex.App.–Waco July 17, 2014, no pet. h.); Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a), (c) (West Supp. 2014) (requiring inmate to file affidavit or declaration "relating to previous filings," accompanied by certified copy of inmate's account statement).

In a footnote, we noted the timetable for McLean to file a motion for rehearing, essentially inviting him to cure his deficiencies so that his appeal might be reinstated. *McLean,* 2014 WL 3559279, at *1, n. 1. McLean did just that; he filed a motion for rehearing and an amended notice of appeal that included his declaration of previous filings and a certified copy of his inmate account statement. Despite McLean's curing his deficiencies, the majority now denies McLean's motion for rehearing.

Plainly, Chapter 14 now applies to appeals and original proceedings. Tex. Civ. Prac. & Rem.Code Ann. § 14.002(a) (West Supp. 2014); *Douglas v. Turner,* 441 S.W.3d 337, 338 (Tex.App.–Waco 2013, no pet.). But until now, we have been consistently allowing inmates to cure their Chapter 14 deficiencies on rehearing and granting their motions for rehearing after, as we had in this case, essentially invited them to do so.[1] *E.g., Atkins v. Herrera,* No. 10–13–00283–CV (Tex.App.–Waco Feb.

---

1. I now believe that the correct and the more judicially efficient practice would be to notify the appellant or relator of the section 14.004 deficiency and allow the appellant or relator an opportunity to cure *before* dismissal. *See* Tex R. App. P. 44.3; *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898 (Tex.2006); *Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997).

1. I now believe that the correct and the more judicially efficient practice would be to notify the appellant of the section 14.004 deficiency and allow the appellant an opportunity to cure *before* dismissal. *See* Tex R.App. P. 44.3; *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898 (Tex.2006); *Verburgt v. Dorner,* 959 S.W.2d 615, 616–17 (Tex.1997).

6, 2014, order) (not designated for publication); *Keeter v. State,* No. 10–13–00310–CV (Tex.App.–Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ,* No. 10–14–00116–CV (Tex.App.–Waco Aug. 14, 2014, order) (not designated for publication); *see also Reed v. Ford,* No. 10–13–00279–CV, 2013 WL 5290112, at *2, n. 2 (Tex.App.–Waco Sept. 19, 2013, no pet.) (including same footnote with deadline for motion for rehearing).

Moreover, in the trial court, an inmate can correct a section 14.004 deficiency by amendment on rehearing. *See Brown v. Lubbock Cty. Comm'rs Ct.,* 185 S.W.3d 499, 503 (Tex.App.–Amarillo 2005, no pet.). Because the majority in this appeal denies McLean the opportunity to correct his section 14.004 deficiency on rehearing, I respectfully dissent to the denial of his motion for rehearing.