

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-14-00153-CV

_____

## IN RE ALVIE ROBINSON

_____

**Original Proceeding**

---

## DISSENTING OPINION ON REHEARING

---

Alvie Robinson, a pro se inmate, sought mandamus relief in this original proceeding because of the respondent trial judge's alleged failure to timely rule on Robinson's motion for summary judgment in the underlying civil case. In a memorandum opinion, we dismissed the petition for writ of mandamus because Robinson had failed to comply with Chapter 14 by not filing an affidavit or declaration "relating to previous filings." *In re Robinson*, No. 10-14-00153-CV, 2014 WL 2720884 (Tex. App.—Waco June 12, 2014, orig. proceeding); TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a) (West Supp. 2014) (requiring inmate to file affidavit or declaration "relating to previous filings").

In a footnote, we noted the timetable for Robinson to file a motion for rehearing, essentially inviting him to cure his deficiency so that his original proceeding might be

reinstated. *Robinson*, 2014 WL 2720884, at *1, n.1. Robinson did just that; he filed a motion for rehearing that included his declaration of previous filings. Despite Robinson's curing his deficiencies, the majority now denies his motion for rehearing.

Plainly, Chapter 14 now applies to appeals and original proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Douglas v. Turner*, 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.). But until now, we have been consistently allowing inmates to cure their Chapter 14 deficiencies on rehearing and granting their motions for rehearing after, as we had in this case, essentially invited them to do so.[1] *E.g., Atkins v. Herrera,* No. 10-13-00283-CV (Tex. App.—Waco Feb. 6, 2014, order) (not designated for publication); *Keeter v. State,* No. 10-13-00310-CV (Tex. App.—Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ,* No. 10-14-00116-CV (Tex. App.—Waco Aug. 14, 2014, order) (not designated for publication); *see also Reed v. Ford,* No. 10-13-00279-CV, 2013 WL 5290112, at *2, n.2 (Tex. App.—Waco Sept. 19, 2013, no pet.) (including same footnote with deadline for motion for rehearing).

Moreover, in the trial court, an inmate can correct a section 14.004 deficiency by amendment on rehearing. *See Brown v. Lubbock Cty. Comm'rs Ct.,* 185 S.W.3d 499, 503 (Tex. App.—Amarillo 2005, no pet.). Because the majority in this proceeding denies Robinson the opportunity to correct his section 14.004 deficiency on rehearing, I respectfully dissent to the denial of his motion for rehearing.

---

[1] I now believe that the correct and the more judicially efficient practice would be to notify the appellant or relator of the section 14.004 deficiency and allow the appellant or relator an opportunity to cure *before* dismissal. *See* TEX. R. APP. P. 44.3; *Higgins v. Randall County Sheriff's Office*, 193 S.W.3d 898 (Tex. 2006); *Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

Furthermore, upon reinstatement of this proceeding, I would abate this proceeding because the respondent trial court judge died while this proceeding was pending; under Rule 7.2(b), the successor trial court judge must be allowed to reconsider the original trial court judge's decision. TEX. R. APP. P. 7.2(b); *In re Whitfield*, 134 S.W.3d 314 (Tex. App.—Waco 2003, order).

REX D. DAVIS
Justice

Delivered and filed January 22, 2015

