

IN THE
TENTH COURT OF APPEALS

No. 10-14-00102-CV

EX PARTE N.C.

From the 12th District Court
Walker County, Texas
Trial Court No. 26744

## DISSENTING OPINION ON REHEARING

In a memorandum opinion, we dismissed the appeal of Appellant, a pro se state-prison inmate, because he failed to comply with Chapter 14 by not filing an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement. *Ex parte N.C.*, No. 10-14-00102-CV, 2014 WL 2810632 (Tex. App.—Waco June 19, 2014, no pet. h.); TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2014) (requiring inmate proceeding as an indigent to file affidavit or declaration "relating to previous filings," accompanied by certified copy of inmate's account statement).

In a footnote, we noted the timetable for Appellant to file a motion for rehearing, essentially inviting him to cure his deficiencies so that his appeal might be reinstated.

*N.C.*, 2014 WL 2810632, at *1, n.1. Appellant filed a motion for rehearing and asked that we allow him thirty days to file a declaration "relating to previous filings."

At the Court's direction, the Clerk of the Court notified Appellant by letter that unless he filed an affidavit or declaration of previous filings within thirty days, his motion for rehearing would be denied. Appellant timely filed his declaration of previous filings, but it was not accompanied by a certified copy of his inmate account statement. The Clerk of the Court, again at the Court's direction, then notified Appellant that unless he filed a certified copy of his inmate account statement within twenty-one days, his motion for rehearing would be denied. Appellant timely filed a certified copy of his inmate account statement.

After the Court has thrice invited Appellant to cure his section 14.004 deficiencies, the majority now denies his motion for rehearing. I respectfully dissent.

Plainly, Chapter 14 now applies to appeals and original proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Douglas v. Turner,* 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.). But until now, we have been consistently allowing inmates to cure their Chapter 14 deficiencies on rehearing and granting their motions for rehearing after, as we had in this case, essentially invited them to do so.[1] *E.g., Atkins v. Herrera,* No. 10-13-00283-CV (Tex. App.—Waco Feb. 6, 2014, order) (not designated for publication); *Keeter v. State,* No. 10-13-00310-CV (Tex. App.—Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ,* No. 10-14-00116-CV

---

[1] I now believe that the correct and the more judicially efficient practice would be to notify the appellant of the section 14.004 deficiency and allow the appellant an opportunity to cure *before* dismissal. *See* TEX. R. APP. P. 44.3; *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898 (Tex. 2006); *Verburgt v. Dorner,* 959 S.W.2d 615, 616-17 (Tex. 1997).

(Tex. App.—Waco Aug. 14, 2014, order) (not designated for publication); *see also Reed v. Ford,* No. 10-13-00279-CV, 2013 WL 5290112, at \*2, n.2 (Tex. App.—Waco Sept. 19, 2013, no pet.) (including same footnote with deadline for motion for rehearing).

Moreover, in the trial court, an inmate can correct a section 14.004 deficiency by amendment on rehearing. *See Brown v. Lubbock Cty. Comm'rs Ct.,* 185 S.W.3d 499, 503 (Tex. App.—Amarillo 2005, no pet.). Because the majority in this appeal denies Appellant the opportunity to correct his section 14.004 deficiency on rehearing, I respectfully dissent to the denial of his motion for rehearing.


REX D. DAVIS
Justice

Delivered and filed January 22, 2015

