

# IN THE
# TENTH COURT OF APPEALS

## No. 10-14-00191-CV

**BRENT ALAN MCLEAN,**

**Appellant**

**v.**

**BRAD LIVINGSTON, ET AL.,**

**Appellee**

From the 18th District Court
Johnson County, Texas
Trial Court No. C201400101

## DISSENTING OPINION ON REHEARING

In a memorandum opinion, we dismissed the appeal of Appellant Brent Alan McLean, a pro se state-prison inmate, because he failed to comply with Chapter 14 by not filing an affidavit or declaration "relating to previous filings" or a certified copy of his inmate account statement. *McLean v. Livingston*, No. 10-14-00191-CV, 2014 WL 3559279 (Tex. App.—Waco July 17, 2014, no pet. h.); TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a), (c) (West Supp. 2014) (requiring inmate to file affidavit or declaration

"relating to previous filings," accompanied by certified copy of inmate's account statement).

In a footnote, we noted the timetable for McLean to file a motion for rehearing, essentially inviting him to cure his deficiencies so that his appeal might be reinstated. *McLean,* 2014 WL 3559279, at *1, n.1. McLean did just that; he filed a motion for rehearing and an amended notice of appeal that included his declaration of previous filings and a certified copy of his inmate account statement. Despite McLean's curing his deficiencies, the majority now denies McLean's motion for rehearing.

Plainly, Chapter 14 now applies to appeals and original proceedings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (West Supp. 2014); *Douglas v. Turner,* 441 S.W.3d 337, 338 (Tex. App.—Waco 2013, no pet.). But until now, we have been consistently allowing inmates to cure their Chapter 14 deficiencies on rehearing and granting their motions for rehearing after, as we had in this case, essentially invited them to do so.[1] *E.g., Atkins v. Herrera,* No. 10-13-00283-CV (Tex. App.—Waco Feb. 6, 2014, order) (not designated for publication); *Keeter v. State,* No. 10-13-00310-CV (Tex. App.—Waco Mar. 13, 2014, order) (not designated for publication); *Mahuron v. TDCJ,* No. 10-14-00116-CV (Tex. App.—Waco Aug. 14, 2014, order) (not designated for publication); *see also Reed v. Ford,* No. 10-13-00279-CV, 2013 WL 5290112, at *2, n.2 (Tex. App.—Waco Sept. 19, 2013, no pet.) (including same footnote with deadline for motion for rehearing).

---

[1] I now believe that the correct and the more judicially efficient practice would be to notify the appellant of the section 14.004 deficiency and allow the appellant an opportunity to cure *before* dismissal. *See* TEX. R. APP. P. 44.3; *Higgins v. Randall County Sheriff's Office,* 193 S.W.3d 898 (Tex. 2006); *Verburgt v. Dorner,* 959 S.W.2d 615, 616-17 (Tex. 1997).

Moreover, in the trial court, an inmate can correct a section 14.004 deficiency by amendment on rehearing. *See Brown v. Lubbock Cty. Comm'rs Ct.,* 185 S.W.3d 499, 503 (Tex. App.—Amarillo 2005, no pet.). Because the majority in this appeal denies McLean the opportunity to correct his section 14.004 deficiency on rehearing, I respectfully dissent to the denial of his motion for rehearing.

REX D. DAVIS
Justice

Delivered and filed January 22, 2015

