

# NUMBER 13-22-00227-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

TIM JAMES MCMAHAN,                                         Appellant,

v.

STEPHEN B. TYLER AND
BRENDAN W. GUY,                                            Appellees.

---

## On appeal from the 377th District Court
## of Victoria County, Texas.

---

# MEMORANDUM OPINION

## Before Justices Benavides, Tijerina, and Peña
## Memorandum Opinion by Justice Peña

Appellant Tim James McMahan filed suit against appellees Stephen B. Tyler and

Brendan W. Guy regarding their involvement as prosecutors in a criminal case which

resulted in McMahan's acquittal. Appellees filed a motion to dismiss pursuant to Rule 91a

of the Texas Rules of Civil Procedure, contending that McMahan's suit had no basis in

law or fact, which the trial court granted. *See* TEX. R. CIV. P. 91a. By two issues, which we construe as one, McMahan argues that the trial court erred in granting the motion to dismiss. We affirm.

## I.   BACKGROUND

McMahan, proceeding pro se in the trial court and on appeal, filed a petition against appellees, complaining of their actions in representing the State in an earlier prosecution against him. Although McMahan was acquitted of all charges, he states that he "was never given notice, under full disclosure, as to the jurisdiction asserted by [the State.]" McMahan alleges that appellees "must prove and provide documented evidence" of "subject-matter and personal jurisdiction." McMahan claims that courts in general "have no jurisdiction over a living man or woman." He further contends that when appellees "asserted the trial court had jurisdiction, they not only waived their sovereign immunity, . . . they each gave permission to be sued." McMahan explains that his suit is "not a challenge of unlawful detention or imprisonment," but "a demand for proof" of jurisdiction. He claims to have suffered $92,097,862.01 in damages. McMahan attached a judgment of acquittal on sixteen counts of the illegal practicing of medicine to his petition. *See* TEX. OCC. CODE ANN. §§ 155.001, 165.153.

Appellees filed a combined "Motion to Dismiss Pursuant to Rule 91a, Special Exceptions and Answer." Appellees argued that McMahan's petition should be dismissed because it lacked any basis in law or fact. Appellees maintained that the same lawsuit against them was previously dismissed and that McMahan's claims were barred by res judicata, prosecutorial immunity, and governmental immunity, which they pleaded as affirmative defenses. Appellees also contended that "[i]t is impossible from reading [the

petition] to determine what exactly [appellees] are accused of having done that could possibly form the basis of a claim" and that the allegations "are so vague that they do not enable [appellees] to prepare a defense." McMahan filed a response to appellees' motion to dismiss. Following a hearing, the trial court signed an order granting appellees' motion and dismissing McMahan's claims. This appeal followed.

## II. DISCUSSION

### A. Standard of Review & Applicable law

We review de novo the trial court's ruling on a Rule 91a motion. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021). That rule provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *see City of Dallas v. Sanchez*, 494 S.W.3d 722, 724–25 (Tex. 2016). The motion to dismiss "must identify each cause of action to which it is addressed, and [it] must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both." TEX. R. CIV. P. 91a.2. The trial court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (citing TEX. R. CIV. P. 91a.6). "To determine if the cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings." *Cooper v. Trent*, 551 S.W.3d 325, 329 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)). In our review, "we apply the fair-notice standard of pleading." *Id.* (citing *Wooley*, 447 S.W.3d at 76). "Under this standard, courts assess

whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant." *Reaves*, 518 S.W.3d at 600.

"A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. For instance, a claim has no basis in law when: "(1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; and (2) the petition alleges additional facts that, if true, bar recovery." *Reaves*, 518 S.W.3d at 608 (citing *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied)). Further, Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020). "Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss." *Id*. at 654. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1.

## B.    Analysis

McMahan first argues that appellees' motion to dismiss "failed to identify and address each cause of action presented and failed to state specifically the reason(s) that each cause of action has no basis in law, no basis in fact, or both." We construe this

4

argument as maintaining that appellees' motion to dismiss was defective for failing to comply with Rule 91a.2. *See id.* R. 91a.2.

McMahan's petition cites several federal criminal statutes and their authorization of a fine as a basis for his damages calculation. *See* 18 U.S.C. § 3571. However, he does not provide any factual allegations regarding how appellees violated these statutes.[1] We can discern only one claim that McMahan attempted to articulate in his petition— demanding that appellees demonstrate that the trial court in his prior criminal prosecution had jurisdiction, and in the absence of such proof, that he be awarded damages. Appellees' motion properly challenged this claim by arguing that "[i]t is impossible from reading [the petition] to determine what exactly [appellees] are accused of having done that could possibly form the basis of a claim" and that the allegations "are so vague that they do not enable [appellees] to prepare a defense." Appellees also argued that the claim was barred by res judicata as well as prosecutorial and governmental immunity. We conclude that appellees adequately articulated the reasons that McMahan's claim had no basis in law or fact. *See Wooley*, 447 S.W.3d at 77 n.12 (explaining that "we do not construe [Rule 91a.2] to require magic words to invoke these grounds if the arguments are clear from the motion"). Accordingly, McMahan's first argument is without merit.

Next, McMahan generally argues that he articulated a cognizable claim. However, his assertion is conclusory, and it is not supported by argument or authority. While we construe pro se briefs liberally, "we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure." *Washington v. Bank of N. Y.*, 362 S.W.3d 853, 854–55 (Tex. App.—Dallas 2012, no pet.)

---

[1] At any rate, as we address more fully below, McMahan does not identify any conduct by appellees for which they would not be protected by prosecutorial immunity.

5

(citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). "[T]o present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record." *Id.* (citing TEX. R. APP. P. 38.1 (setting forth the requisites for an appellant's brief)). An appellant who presents bare assertions without supporting argument or authority waives error. *In re L.E.R.*, 650 S.W.3d 771, 788–89 (Tex. App.—Houston [14th Dist.] 2022, no pet.). McMahan has presented no argument or authority that he has pleaded a cognizable claim. Therefore, we conclude that McMahan has waived this argument. *See id.*

Assuming, without deciding, that McMahan has pleaded a cognizable claim, the trial court could have granted appellees' motion based on their assertion of prosecutorial immunity. As set out above, Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with the inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel*, 595 S.W.3d at 656. Appellees pleaded prosecutorial immunity as an affirmative defense. *See id.* (explaining that "[i]n deciding a Rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court"). Under the common law, prosecutors enjoy absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). "District attorneys and other prosecutors are absolutely immune from liability when performing their prosecutorial functions." *Charleston v. Pate*, 194 S.W.3d 89, 90 (Tex. App.—Texarkana 2006, no pet.). "[A]bsolute immunity extends to . . . prosecutors performing such typical prosecutorial

6

functions as initiating criminal prosecution and presenting the State's case." *Brown v. Lubbock Cnty. Comm. Ct.*, 185 S.W.3d 499, 505 (Tex. App.—Amarillo 2005, no pet.) (citing *Oden v. Reader*, 935 S.W.2d 470, 474–75 (Tex. App.—Tyler 1996, no writ)); *see Lesher v. Coyel*, 435 S.W.3d 423, 430 (Tex. App.—Dallas 2014, pet. denied) ("Activities intimately associated with the judicial phase of the criminal process . . . are functions to which absolute immunity applies with full force.").

Here, McMahan complains solely of actions that are prosecutorial functions related to his prior criminal trial and resulting acquittal, conduct for which appellees enjoy absolute immunity. *See Brown*, 185 S.W.3d at 505. Taking McMahan's allegations as true, they "do not entitle [him] to the relief sought"; therefore, his claim has no basis in law. TEX. R. CIV. P. 91a.1; *see Bethel*, 595 S.W.3d at 654.

For the foregoing reasons, we conclude that the trial court did not err in granting appellees' Rule 91a motion. *See Medina*, 627 S.W.3d at 628. We overrule McMahan's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA
Justice

Delivered and filed on the
2nd day of February, 2023.

7